UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Civil Action No. 04-407 (GMS) |
| | ) |
| BROADBAND OFFICE, INC., | ) Bankruptcy Case No. 01-172 (GMS) |
| | ) |
| Debtor. | ) Chapter 11 |
| | ) |
| BROADBAND OFFICE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TECHNOLOGY CREDIT CORPORATION d/b/a EXTREME NETWORKS CREDIT CORPORATION, EXTREME NETWORKS, INC., and KEY EQUIPMENT FINANCE, INC. f/k/a KEY CORPORATE CAPITAL, INC. f/k/a LEASTEC CORPORATION | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO BROADBAND OFFICE, INC.'S AMENDED COMPLAINT

Extreme Networks, Inc., through its undersigned counsel, submits its Answer and Affirmative Defenses to the Amended Complaint For Avoidance of Prepetition Transfers (the "Complaint") filed against it by Broadband Office, Inc. ("Broadband").

### JURISDICTION, VENUE, AND PARTIES

1. Extreme Networks, Inc. admits the allegations set forth in Paragraph 1 of the Complaint.

SF:123665.4

1

2. Extreme Networks, Inc. lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore denies the same.

3. Extreme Networks, Inc. does not answer the allegations set forth in Paragraph 3 of the Complaint, as they constitute legal conclusions for which no answer is necessary.

4. Extreme Networks, Inc. lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5. Extreme Networks, Inc. admits that it is a Delaware corporation with its principal place of business at 3585 Monroe Street, Santa Clara, California. Extreme Networks, Inc. further admits that it allowed Technology Credit Corporation to conduct business as "Extreme Networks Credit Corporation" and to use Extreme Networks, Inc.'s corporate logo. Extreme Networks, Inc. denies the remaining allegations set forth in Paragraph 5 of the Complaint.

6. Extreme Networks, Inc. lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Complaint and therefore denies the same.

7. Extreme Networks, Inc. lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies the same.

SF:123665.4

## FACTS COMMON TO ALL COUNTS

8. Extreme Networks, Inc. respectfully refers the Court to its own docket with respect to the truth or falsity of the averments set forth in Paragraph 8 of the Complaint.

9. Extreme Networks, Inc. lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore denies the same.

10. Extreme Networks, Inc. lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies the same.

11. Extreme Networks, Inc. lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint and therefore denies the same.

12. Extreme Networks, Inc. lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies the same.

13. Extreme Networks, Inc. denies receipt of the "Transfers" as defined in the Complaint. Answering further, Extreme Networks, Inc. lacks sufficient information to admit or deny the allegations contained in Paragraph 13 with regard to any of the other named Defendants, and therefore denies the same.

14. Extreme Networks, Inc. denies the allegations contained in Paragraph 14 of the Complaint. Answering further, Extreme Networks, Inc. lacks sufficient information to admit or deny the allegations contained in Paragraph 14 with regard to any of the other named Defendants, and therefore denies the same.

SF:123665.4

15. Extreme Networks, Inc. lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore denies the same and reserves the right to rebut any presumption of insolvency.

16. Extreme Networks, Inc. denies the allegations contained in Paragraph 16 of the Complaint. Answering further, Extreme Networks, Inc. lacks sufficient information to admit or deny the allegations contained in Paragraph 16 with regard to any of the other named Defendants, and therefore denies the same.

17. Extreme Networks, Inc. does not answer the allegation that, "after it filed its Chapter11 case, Broadband rejected the lease on the Equipment," as such allegation constitutes a legal conclusion for which no answer is necessary. As to the remaining allegations set forth in Paragraph 17, Extreme Networks, Inc. respectfully refers the Court to its own docket with respect to their truth or falsity.

18. Extreme Networks, Inc. lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Complaint and therefore denies the same.

19. Extreme Networks, Inc. lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the Complaint and therefore denies the same.

## COUNT ONE

### AVOIDANCE OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§544 AND 547

20. Extreme Networks, Inc. incorporates its answers and responses to Paragraphs 1 through 19 of the Complaint, as if fully set forth herein.

SF:123665.4

21. Extreme Networks, Inc. denies the allegations contained in Paragraph 21 of the Complaint. Answering further, Extreme Networks, Inc. lacks sufficient information to admit or deny the allegations contained in Paragraph 21 with regard to any of the other named Defendants, and therefore denies the same.

22. Extreme Networks, Inc. hereby incorporates its response to Paragraph 13 of the Complaint.

23. Extreme Networks, Inc. hereby incorporates its response to Paragraph 13 of the Complaint.

24. Extreme Networks, Inc. hereby incorporates its response to Paragraph 15 of the Complaint.

25. Extreme Networks, Inc. denies the allegations contained in Paragraph 25 of the Complaint. Answering further, Extreme Networks, Inc. lacks sufficient information to admit or deny the allegations contained in Paragraph 25 with regard to any of the other named Defendants, and therefore denies the same.

## COUNT TWO

### AVOIDANCE OF FRAUDULENT CONVEYANCES UNDER 11 U.S.C. § 548

26. Extreme Networks, Inc. incorporates its answers and responses to Paragraphs 1 through 25 of the Complaint, as if fully set forth herein.

27. Extreme Networks, Inc. hereby incorporates its response to Paragraph 13 of the Complaint.

28. Extreme Networks, Inc. hereby incorporates its response to Paragraph 13 of the Complaint.

SF:123665.4

29.  Extreme Networks, Inc. lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of the Complaint and therefore denies the same.

30.  Extreme Networks, Inc. hereby incorporates its response to Paragraph 15 of the Complaint.

31.  Extreme Networks, Inc. denies receipt of the "Transfers" as defined in the Complaint. Extreme Networks, Inc. lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 31 of the Complaint and therefore denies the same.

## COUNT THREE

### RECOVERY OF TRANSFERS UNDER 11 U.S.C. 550

32.  Extreme Networks, Inc. incorporates its answers and responses to Paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

33.  The allegations in Paragraph 33 of the Complaint state legal conclusions as to which no admission or denial is required.

### AFFIRMATIVE DEFENSES

As affirmative defenses to the Complaint, Extreme Networks, Inc. states as follows:

### FIRST AFFIRMATIVE DEFENSE

Extreme Networks, Inc. alleges that the Complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

SF:123665.4

## SECOND AFFIRMATIVE DEFENSE

Any purported transfers made by Broadband are not avoidable or recoverable because new value was advanced to Broadband subsequent to the purported transfers.

## THIRD AFFIRMATIVE DEFENSE

Any purported transfers made by Broadband are not avoidable or recoverable because the payments were made to pay debts incurred in the ordinary course of business, were made in the ordinary course of business, and were made according to ordinary business terms.

## FOURTH AFFIRMATIVE DEFENSE

Any purported transfers made by Broadband are not avoidable or recoverable because the payments were a contemporaneous exchange for new value given to Broadband and were in fact substantially contemporaneous exchanges.

## FIFTH AFFIRMATIVE DEFENSE

Any purported transfers made by Broadband are not avoidable or recoverable because the payments were not made to or for the benefit of Extreme Networks, Inc.

## SIXTH AFFIRMATIVE DEFENSE

Any purported transfers made by Broadband are not avoidable or recoverable because the payments were not made for or on account of an antecedent debt owed by Broadband to the Defendants before such transfer(s) were made.

## SEVENTH AFFIRMATIVE DEFENSE

Extreme Networks, Inc. alleges that the Complaint, and each and every purported cause of action therein, is barred in whole or in part by Broadband's own conduct and

activities with respect to the subject matter of this dispute and the doctrines of estoppel and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Extreme Networks, Inc. alleges that at the time of the purported transfers Broadband was not insolvent or rendered insolvent by the purported transfers.

## NINTH AFFIRMATIVE DEFENSE

Extreme Networks, Inc. alleges that the Complaint, and each and every purported cause of action therein, are barred by the statute of limitations. 11 U.S.C. § 546.

## TENTH AFFIRMATIVE DEFENSE

Extreme Networks, Inc. alleges that the Complaint, and each and every purported cause of action therein, is barred in whole or in part by Broadband's failure to act reasonably to mitigate its damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Extreme Networks, Inc. alleges that the Complaint, and each and every purported cause of action therein, are barred by the doctrine of laches.

## RESERVATION OF AFFIRMATIVE DEFENSE

Extreme Networks, Inc. currently has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses. Extreme Networks, Inc. hereby reserves the right to plead any additional and further affirmative defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Extreme Networks, Inc. prays as follows:

1. That Broadband take nothing by the Complaint;

2. That Extreme Networks, Inc. be awarded costs of suit incurred herein,

3. That Extreme Networks, Inc. be awarded all of its attorneys' fees incurred in connection with this action; and

4. For any other relief the Court deems just and proper.

Dated: January 30, 2006
  Wilmington, Delaware

>                    Respectfully submitted,
>
>                    WINSTON & STRAWN LLP
>                    David A. Honig
>                    Todd J. Dressel
>                    101 California Street
>                    San Francisco, California  94111
>                    Telephone: (415) 591-1000
>                    Facsimile: (415) 591-1400
>
>                         -and-
>
>                    ASHBY & GEDDES
>
>                    /s/ William P. Bowden
>                    _____
>                    William P. Bowden (#2553)
>                    Ricardo Palacio (#3765)
>                    222 Delaware Avenue
>                    17th Floor
>                    Wilmington, Delaware  19899
>                    Telephone: (302) 654-1888
>                    Facsimile: (302) 654-2067
>
>                    Co-Counsel for Extreme Networks, Inc.

166164.1