IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>　　BROADBAND OFFICE, INC.,<br><br>　　　　Debtor. | Case No. 04-407 (GMS) |
| BROADBAND OFFICE, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TECHNOLOGY CREDIT CORPORATION d/b/a EXTREME NETWORKS CREDIT CORPORATION, EXTREME NETWORKS, INC.,<br>and<br>KEY EQUIPMENT FINANCE, INC. f/k/a/ KEY CORPORATE CAPITAL, INC. f/k/a LEASTEC CORPORATION,<br><br>　　　　Defendants. | Bankruptcy C.A. No. 01-1720 (GMS)<br>Chapter 11 |

DEFENDANT TECHNOLOGY CREDIT CORPORATION'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Technology Credit Corporation d/b/a Extreme Networks Credit Corporation ("Defendant"), answering the Plaintiff's Amended Complaint for Avoidance of Prepetition Transfers (the "Amended Complaint") filed herein, admits, denies and alleges as follows:

　　　　1.　　Answering paragraph 1, Defendant admits the allegations contained therein.

　　　　2.　　Answering paragraph 2, Defendant lacks information and belief regarding each and every allegation set forth therein and on that basis denies said

allegations.

        3.     Answering paragraph 3, Defendant admits the allegations contained therein.

        4.     Answering paragraph 4, Defendant denies any Transfer(s) were made. Defendant denies that it did business with the Debtor as "Extreme Networks". Defendant also denies that it required Broadband to purchase insurance in favor of Extreme Networks Credit Corporation. Answering the remaining allegations of paragraph 4, Defendant admits the allegations contained therein.

        5.     Answering paragraph 5, Defendant denies any Transfer(s) were made. Answering the remaining allegations of Paragraph 5, Defendant admits the allegations contained therein.

        6.     Answering paragraph 6, Defendant lacks information and belief regarding each and every allegation set forth therein and on that basis denies said allegations.

        7.     Answering paragraph 7, Defendant denies that it agreed to allow Leasetec Corporation to act in the name of Technology Credit Corporation in its dealings with Broadband. Pursuant to contract, Leasetec did have the discretion to issue invoices in the name of Technology Credit Corporation. Answering the remaining allegations of paragraph 7, Defendant lacks information and belief regarding each and every allegation set forth therein and on that basis denies said allegations.

        8.     Answering paragraph 8, Defendant lacks information and belief regarding each and every allegation set forth therein and on that basis denies said allegations.

9. Answering paragraph 9, Defendant lacks information and belief regarding each and every allegation set forth therein and on that basis denies said allegations.

10. Answering paragraph 10, Defendant denies that the alleged transactions occurred only on or about March 9, 2000. The alleged transactions occurred on a variety of dates, including but not limited to, dates on or around March 9, 2000.

11. Answering paragraph 11, Defendant denies that Extreme Networks, Inc. acted by and through Technology Credit Corporation. Defendant denies that Extreme Networks, Inc. financed the Equipment. Defendant denies that Extreme Networks, Inc. induced Leasetec to enter into any financing arrangements. Defendant denies that Extreme Networks, Inc. guaranteed Broadband's lease payment obligations to Leasetec. Defendant denies that amounts Broadband paid under the Master Lease Agreement benefited Extreme Networks, Inc. Answering the remaining allegations of Paragraph 11, Defendant admits the allegations contained therein.

12. Answering paragraph 12, Defendant denies generally and specifically, conjunctively and disjunctively each and every allegation contained therein.

13. Answering paragraph 13, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

14. Answering paragraph 14, Defendant denies generally and specifically, conjunctively and disjunctively each and every allegation contained therein.

15. Answering paragraph 15, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set

forth therein and on that basis denies said allegations.

16. Answering paragraph 16, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

17. Answering paragraph 17, Defendant lacks information and belief regarding each and every allegation set forth therein and on that basis denies said allegations.

18. Answering paragraph 18, Defendant lacks information and belief regarding each and every allegation set forth therein and on that basis denies said allegations.

19. Answering paragraph 19, Defendant denies generally and specifically, conjunctively and disjunctively each and every allegation contained therein. Attorney Jeffrey A. Davis, the signatory to Exhibit B, has never been retained to represent Defendant and Mr. Davis was not authorized by Defendant to execute a tolling agreement. Mr. Davis had no authority, either actual (express or implied) or apparent, to execute a tolling agreement on behalf of Defendant. Further, the tolling agreement was purportedly signed on behalf of an entity other than Defendant.

20. Answering paragraph 20, Defendant incorporates its answers to paragraphs 1 through 19 as though fully set forth herein.

21. Answering paragraph 21, Defendant denies generally and specifically, conjunctively and disjunctively each and every allegation contained therein.

22. Answering paragraph 22, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set

forth therein and on that basis denies said allegations.

23. Answering paragraph 23, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

24. Answering paragraph 24, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

25. Answering paragraph 25, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

26. Answering paragraph 26, Defendant incorporates its answers to paragraphs 1 through 25 as though fully set forth herein.

27. Answering paragraph 27, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

28. Answering paragraph 28, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

29. Answering paragraph 29, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

30. Answering paragraph 30, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set

forth therein and on that basis denies said allegations.

31. Answering paragraph 31, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

32. Answering paragraph 32, Defendant incorporates its answers to paragraphs 1 through 31 as though fully set forth herein.

33. Answering paragraph 33, Defendant denies generally and specifically, conjunctively and disjunctively each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS A FIRST AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff has failed to state facts upon which a claim for relief may be granted against this Defendant.

### SECOND AFFIRMATIVE DEFENSE

AS A SECOND AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff was careless and negligent in and about the matters alleged in the Amended Complaint, and that said carelessness and negligence on said Plaintiff's own part proximately contributed to the happening of the incident and to the loss and damages complained of, if any there were; that should Plaintiff recover damages, Defendant is entitled to have the amount thereof

abated, reduced or eliminated to the extent that Plaintiff's negligence caused or contributed to its damages, if any.

### THIRD AFFIRMATIVE DEFENSE

AS A THIRD AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that the sole and proximate cause of the incidents complained of by Plaintiff in the Amended Complaint was due to the act and/or omission of persons and entities other than this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff's claims are barred by the statute of limitations. 11 U.S.C. § 546.

### FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that at all times and places mentioned in the Amended Complaint herein, Plaintiff failed to mitigate the amount of its damages. The damages claimed by Plaintiff could have been mitigated by due diligence on its part or by one acting under similar circumstances. The Plaintiff's failure to mitigate is a bar to its recovery under the Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

AS A SIXTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that said Amended Complaint is barred by the Doctrine of Estoppel and/or Waiver.

### SEVENTH AFFIRMATIVE DEFENSE

AS A SEVENTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that said Amended Complaint is barred by the Doctrine of Laches.

### EIGHTH AFFIRMATIVE DEFENSE

AS AN EIGHTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that said Amended Complaint is barred by the Doctrine of Unclean Hands.

### NINTH AFFIRMATIVE DEFENSE

AS A NINTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff failed to exhaust administrative remedies and/or remedies provided by contract.

TENTH AFFIRMATIVE DEFENSE

AS A TENTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff consented to the acts complained of.

ELEVENTH AFFIRMATIVE DEFENSE

AS AN ELEVENTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff may not recover on its claims because the Transfer(s) were not made to or for the benefit of Defendant.

TWELFTH AFFIRMATIVE DEFENSE

AS A TWELFTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff may not recover on its claims because the Transfer(s) were not made for or on account of an antecedent debt owed by Plaintiff to Defendant before such Transfer(s) were made.

THIRTEENTH AFFIRMATIVE DEFENSE

AS A THIRTEENTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff may not recover on its claims because, to the extent any Transfer(s) were made to a third party and in Defendant's name, the Transfer(s) were made in payment of a debt incurred by

Plaintiff in the ordinary course of business or financial affairs of Plaintiff and said third party; made in the ordinary course of business or financial affairs of Plaintiff and said third party; and made according to ordinary business terms.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by its Amended Complaint;

2. For Defendant's costs of suit incurred herein; and

3. For such other and further relief as the court deems just and proper.

Dated: Wilmington, Delaware

January 30, 2006

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
William H. Sudell (#463)
Thomas W. Briggs, Jr. (#4076)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
  Counsel for Defendant

OF COUNSEL:

Katherine S. Clark
Law Offices
919 The Alameda
San Jose, CA 95126
(408) 350-7523

10