IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| Broadband Office, Inc. | ) ) | Bankruptcy Case No. 01-1720 |
| Debtor. | ) ) ) | |
| Broadband Office, Inc., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| Technology Credit Corp. d/b/a Extreme Networks Credit Corp., | ) ) ) ) | C.A. No. 04-407 (GMS) |
| Extreme Networks, Inc., and | ) ) | |
| Key Equipment Finance, Inc. f/k/a Key Corporate Capital, Inc. f/k/a Leastec Corp., | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

WHEREAS on December 23, 2003 Plaintiff Broadband Office, Inc. ("Broadband") filed the above-captioned action for avoidance and recovery, pursuant to 11 U.S.C. §§ 544, 547, 548, and 550;

WHEREAS the only named defendant at that time was Technology Credit Corp. ("TCC");

WHEREAS although the statute of limitations appears to have expired before the action was filed, Broadband and TCC allegedly entered into an agreement to toll and extend the statute of limitations until December 31, 2003 (D.I. 9 ¶ 19);

WHEREAS on December 1, 2005, the court granted Broadband leave to amend its complaint to add Extreme Networks, Inc. ("Extreme Networks") and Key Equipment Finance, Inc. ("Key Equipment") as defendants;

WHEREAS Key Equipment, a non-party to the tolling agreement, filed a motion to dismiss

based on the expiration of the statute of limitations;

WHEREAS the amended complaint alleges that Key Equipment's predecessor, Leasetec Corp., was allowed to act in the name of TCC in its dealings with Broadband (D.I. 9 ¶ 7);

WHEREAS the court holds that this is sufficient under the liberal pleading requirements of the Federal Rules of Civil Procedure to constitute an allegation that Key Equipment is bound by the tolling agreement;

WHEREAS the court further holds that, given the complex relationship among the defendants and their predecessors/aliases, it is plausible that Broadband will be able to prove the requirements of relation back in Rule 15(c) (e.g., Broadband's failure to name Key Equipment was a mistake);

WHEREAS Key Equipment also argues that the recovery count is not ripe because there has not been an adjudication of the avoidance counts, which is a necessary condition to the viability of Broadband's recovery count;

WHEREAS the court holds that the recovery count is ripe because, to hold otherwise, would be akin to disallowing damages allegations in any complaint until the underlying liability has been adjudicated.

IT IS HEREBY ORDERED THAT:

Key Equipment's motion to dismiss (D.I. 15) be DENIED.

Dated: April 3, 2006

UNITED STATES DISTRICT JUDGE

FILED
APR 3 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE