UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>BROADBAND OFFICE, INC.,<br><br>        Debtor. | Civil Action No. 04-407 (GMS)<br><br>Bankruptcy Case No. 01-1720 (BLS)<br><br>Chapter 11 |
| BROADBAND OFFICE, INC.,<br><br>        Plaintiff,<br><br>vs..<br><br>TECHNOLOGY CREDIT CORPORATION d/b/a EXTREME NETWORKS CREDIT CORPORATION, and<br><br>EXTREME NETWORKS, INC.,<br><br>and<br><br>KEY EQUIPMENT FINANCE, INC. f/k/a KEY CORPORATE CAPITAL, INC. f/k/a LEASETEC CORPORATION<br><br>        Defendants. | |

**JOINT STATUS REPORT**

QUESTION:
1. **Jurisdiction and Service.** Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction? Do any remain to be served?

  ANSWER:

Yes. Yes. No.

QUESTION:

2. **Substance of the Action.** What are the factual and legal bases for plaintiff's claims and defendants' defenses?

ANSWER:

This is a preference action pursuant to Sections 547(b) and 550 of the United States Bankruptcy Code. Plaintiff seeks the avoidance and recovery of payments in the amount of $771,875.07 made by the Debtor within ninety days of its bankruptcy filing. Defendant Technology Credit Corporation ("TCC") has asserted, among other things, that it is not liable because the payments at issue were not made to or for the benefit of TCC and Debtor's claim is barred by the applicable statute of limitations.

Defendant Key Equipment Finance Inc., f/k/a Key Corporate Capital, Inc. f/k/a Leasetec Corporation ("Key') has not yet filed an answer or had an opportunity to conduct a complete investigation into the allegations raised by Plaintiff. Based on a preliminary review, Key anticipates raising the following defenses: (i) the claims are barred by the applicable statute of limitations; (ii) Plaintiff lacks standing to pursue the claims asserted; (iii) Plaintiff is unable to carry its burden under 11 U.S.C. § 547, including proving insolvency; (iv) 11 U.S.C. § 547(c) 1, 2 & 4; and (v) whether Key was an initial or subsequent transferee under 11 U.S.C. § 550.

Defendant Extreme Networks, Inc., also has asserted, among other things, that it is not liable because (i) the payments at issue were not made to or for the benefit of Extreme Networks, Inc., (ii) the Debtor's claims are barred by the applicable statute of limitations, (iii) the Debtor is unable to carry its burden under 11 U.S.C. § 547, and (iv) the payments are unavoidable pursuant to 11 U.S.C. §547(c) 1, 2 & 4.

QUESTION:

3. **Identification of issues.** What factual and legal issues are genuinely in dispute?

ANSWER:

Whether the payments were "to or for the benefit of" each defendant. Whether the transfers are unavoidable pursuant to the applicability of the "ordinary course of business" defense set forth in Section 547(c)(2) of the Bankruptcy Code. Whether Debtor's claims are barred by the applicable statute of limitations. Whether the Defendants were the agents and/or the alter-egos of one another. The issues identified in response to Question 2 above are incorporated into this response.

QUESTION:

4. **Narrowing of Issues.** Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?

ANSWER:

>Yes, it should be possible for the parties to agree on a number of the basic facts. There are no pending motions. Defendant Key Equipment's Motion to Dismiss was denied by the Court on April 3, 2006. Limited discovery should permit the parties to narrow some of the issues, including whether Debtor's claims are barred by the applicable statute of limitations, on summary judgment. Key proposes that the suit be stayed in order for the parties to conduct limited discovery and motion practice regarding whether Plaintiff's claims are barred by the statute of limitations. Plaintiff believes discovery should proceed and believes a stay would not be productive or efficient.

QUESTION:
5. **Relief.** What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?

>ANSWER:
>Plaintiff seeks the return of $771,875.07. This sum represents the total of 2 payments made within the preference period: (1) $276,164.63 on 3/14/01 and $495,710.44 also on 3/14/01. There should be no dispute over the amount at issue.

QUESTION:
6. Amendment of Pleadings?

>ANSWER:
>Probably not.

QUESTION:
7. **Joinder of Parties?**

>ANSWER:
>The Court recently granted plaintiff's Motion to Amend the Complaint to add two additional defendants, Extreme Networks Inc. and Key Equipment Finance, Inc. f/k/a/ Key Corporate Capital, Inc. Accordingly, it is unlikely that there will be any attempt to join additional parties.

QUESTION:
8. **Discovery.** Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are less costly and time-consuming methods available to obtain necessary information?

>ANSWER:
>The parties believe discovery is necessary and suggest the following schedule:
>
>1.   Fact discovery to be completed by August 18, 2006.
>
>2.   Expert reports due by September 7, 2006.

3. Deposition of experts to be concluded by October 6, 2006.

4. Substantive motions to be filed on or before October 15, 2006.

Key proposes that discovery should be limited to the issues regarding whether Plaintiff's claims are barred by the applicable statute of limitations. Such discovery can be completed within 60 days followed by the filing of case dispositive motions. Bifurcation of the statute of limitations issues will provide for narrow less costly and time-consuming discovery.

Plaintiff believes that the liability and limitations issues are closely related and that Key's proposed bifurcation is not necessary or likely to lead to efficiencies and could require duplication of efforts through a second round of discovery.

QUESTION:
9. **Estimated trial length.** Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?

ANSWER:
Estimated trial length is two (2) days. Bifurcation is probably not appropriate. The parties expect they will have narrowed the issues remaining for trial by prior motions and stipulations.

QUESTION:
10. **Jury trial?**

ANSWER:
No.

QUESTION:
11. **Settlement.** Have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for mediation or other ADR mechanism appropriate?

ANSWER:
Since the two new defendants have only recently been added to the case, there have not yet been any settlement discussions. Settlement discussions are anticipated.

QUESTION:
12. Such other matters as counsel considers conductive to the just, speedy and inexpensive determination of this action.

ANSWER:
Plaintiff believes that the discovery schedule set forth above will facilitate the determination of the case. Key believes that prompt resolution of all outstanding issues

    regarding whether Plaintiff's claims are barred by the applicable statute of limitations would significantly reduce the length and expense of this litigation.

QUESTION:
13.     A statement that counsel for the parties have conferred about each of the above matters.

    ANSWER:
    Counsel for the parties have conferred about each of the above matters.

April 11, 2006

MORRIS NICHOLS ARSHT & TUNNELL LLP

By: /s/ Thomas W. Briggs, Jr.
    William H. Sudell, Jr.  (#463)
    Thomas W. Briggs, Jr. (#4076)
    1201 North Market Street
    P. O. Box 1347
    Wilmington, DE 19899
    Telephone: (302) 351-9631
    Facsimile: (302) 658-3098

    *Attorneys for Technology Credit Corporation*

WERB & SULLIVAN

By: /s/ Brian A. Sullivan
    Brian A. Sullivan  (Bar #2098)
    Robert D. Wilcox  (Bar #4321)
    Amy D. Brown     (Bar #4077)
    300 Delaware Avenue, 13th Floor
    P. O. Box 25046
    Wilmington, DE 19899
    Telephone: (302) 652-1100
    Facsimile: (302) 652-1111

    *Attorneys for Broadband Office, Inc.*

WINSTON & STRAWN LLP

ASHBY & GEDDES, P.A.

By: /s/ Ricardo Palacio
    Ricardo Palacio     (#3765)
    222 Delaware Avenue, 17th Floor
    P. O. Box 1150
    Wilmington, DE 19899
    Telephone: (302) 654-1888
    Facsimile: (302) 654-2067

    *Attorneys for Extreme Networks, Inc.*

BLANK ROME LLP

By: /s/ Steven L. Caponi
    Steven L. Caponi     (#3483)
    Chase Manhattan Centre, Ste.800
    1201 North Market Street
    Wilmington, DE 19801
    Telephone: (302) 425-6408
    Facsimile: (302) 425-6464

    *Attorney for Key Equipment Finance, Inc.*