IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>BROADBAND OFFICE, INC.,<br><br>Debtor. | C.A. No. 04-407 (GMS) |
| BROADBAND OFFICE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY CREDIT CORPORATION d/b/a EXTREME NETWORKS CREDIT CORPORATION, and EXTREME NETWORKS, INC., and KEY EQUIPMENT FINANCE, INC. f/k/a KEY CORPORATE CAPITAL, INC. f/k/a LEASTEC CORPORATION,<br><br>Defendants. | Bankruptcy Case No. 01-1720 (GMS)<br><br>Chapter 11 |

### DEFENDANT KEY EQUIPMENT FINANCE INC.'S ANSWER AND ADDITIONAL DEFENSES TO AMENDED COMPLAINT FOR AVOIDANCE OF PREPETITION TRANSFERS

Defendant Key Equipment Finance Inc. f/k/a Key Corporate Capital, Inc. f/k/a Leastec Corporation, ("Key"), by and through its undersigned counsel, hereby answers and asserts additional defenses (the "Answer") to the amended complaint in the above-referenced adversary proceeding (the "Complaint") and states as follows:

### JURISDICTION, VENUE AND PARTIES

1. Key admits only that this action presents certain "core" bankruptcy issues. The balance of the allegations in paragraph 1 of the Complaint contain legal conclusions to which no response is required.

2. Key lacks information and knowledge sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint and therefore denies same.

3. Key admits only that it is a corporation. Key lacks information and knowledge sufficient to form a belief as to whether the other named defendants are corporations. The allegations contained in paragraph 3 of the Complaint relating to service of process state legal conclusions to which no response is required.

4. Key admits only that defendant Technology Credit Corporation ("TCC") conducted business with debtor Broadband Office, Inc. ("Broadband") as Extreme Networks Credit Corporation. Key lacks information and knowledge sufficient to form a belief as to the balance of the allegations contained in paragraph 4 of the Complaint and therefore denies same.

5. Key admits only that TCC had a business relationship with defendant Extreme Networks, Inc. ("Extreme"). Key lacks information and knowledge sufficient to form a belief as to the balance of the allegations contained in paragraph 5 of the Complaint and therefore denies same.

6. Admitted.

7. Key admits only that it was a party to an Equipment Acquisition Agreement with TCC, dated October 10, 1988 (as amended, the "Agreement"), and that the Agreement defined Key's and TCC's respective rights, obligations and privileges. The Agreement speaks for itself, and any characterization of the Agreement in paragraph 7 of the Complaint is denied. By way of further response, Key denies that it conducted business with Broadband as "Extreme Networks." Key lacks information and knowledge sufficient to form a belief as to the balance of the allegations contained in the second sentence of paragraph 7 of the Complaint and therefore

denies same. Discovery has not commenced in this action. Key's investigation into these and other allegations is ongoing, and Key reserves the right to amend its responses.

## ALLEGATIONS COMMON TO ALL COUNTS

8. Key lacks information and knowledge sufficient to form a belief as to the factual allegations contained in paragraph 8 of the Complaint and therefore denies same. Further, the remaining allegations contained in the second sentence of paragraph 8 of the Complaint state legal conclusions to which no response is required.

9. Key lacks information and knowledge sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint and therefore denies same.

10. Key admits only that (a) Broadband and TCC d/b/a Extreme Networks Credit Corporation were parties to an Master Lease Agreement, dated March 9, 2000, and related equipment schedules of various dates (collectively, and as amended, the "Lease Documents") and (b) Key subsequently purchased the equipment from TCC and took assignments of certain of the Lease Documents. The Lease Documents speak for themselves, and any characterization thereof in paragraph 10 of the Complaint is denied. Key lacks information and knowledge sufficient to form a belief as to the balance of the allegations contained in paragraph 10 of the Complaint and therefore denies same.

11. The Agreement and the Lease Documents speak for themselves, and any characterization thereof in paragraph 11 of the Complaint is denied. Key admits only that Extreme may have guaranteed all or some portion of Broadband's obligations under the Lease Documents. Key lacks information and knowledge sufficient to form a belief as to the balance of the allegations contained in paragraph 11 of the Complaint and therefore denies same.

12.  The Agreement and the Lease Documents speak for themselves, and any characterization thereof in paragraph 12 of the Complaint is denied. Key lacks information and knowledge sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint and therefore denies same.

13.  Key admits only that Broadband made the transfers identified on Exhibit A to the Complaint (the "Transfers") in connection with the Lease Documents. Key is investigating which entity or entities received the benefits, if any, associated with the Transfers. Key lacks information and knowledge sufficient to form a belief as to the balance of the allegations contained in paragraph 13 of the Complaint and therefore denies same.

14.  Key admits only that the Transfers were made in connection with the Lease Documents. The balance of the allegations contained in paragraph 14 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Key lacks information and knowledge sufficient to form a belief as to the balance of the allegations contained in paragraph 14 of the Complaint and therefore denies same.

15.  The allegations contained in paragraph 15 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Key lacks information and knowledge sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint and therefore denies same.

16.  The allegations contained in paragraph 16 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Key lacks information and knowledge sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint and therefore denies same.

17. Key admits only that it filed a proof of claim in Broadband's bankruptcy proceedings, which proof of claim speaks for itself, and any characterization of such proof of claim contained in paragraph 17 of the Complaint is denied. Key lacks information and knowledge sufficient to form a belief as to the balance of the allegations contained in paragraph 17 of the Complaint and therefore denies same.

18. Key admits only that it made demand upon Extreme under the guaranty. By way of further response, Key states that it received no funds from Extreme under the guaranty. The balance of the allegations contained in paragraph 18 of the Complaint are denied.

19. Key lacks information and knowledge sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint and therefore denies same.

### COUNT I – AVOIDANCE OF ALLEGED PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 AND 547

20. Key adopts and incorporates by reference the responses set forth in paragraphs 1 - 19 above.

21. Key admits only that the Transfers were made in connection with the Lease Documents. The balance of the allegations contained in paragraph 21 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Key lacks information and knowledge sufficient to form a belief as to the balance of the allegations contained in paragraph 21 of the Complaint and therefore denies same.

22. Key admits only that the Transfers were made within the 90-day period prior to Broadband's bankruptcy filing. Key lacks information and knowledge sufficient to form a belief as to the balance of the allegations contained in paragraph 22 of the Complaint and therefore denies same.

23. Key admits only that the Transfers were made in connection with the Lease Documents. The balance of the allegations contained in paragraph 23 of the Complaint state legal conclusions to which no response is required.

24. The allegations contained in paragraph 24 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Key lacks information and knowledge sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and therefore denies same.

25. The allegations contained in paragraph 25 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Key lacks information and knowledge sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint and therefore denies same.

### COUNT II – AVOIDANCE OF ALLEGED FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544 AND 547

26. Key adopts and incorporates by reference the responses set forth in paragraphs 1 – 25 above.

27. Key admits only that the Transfers were made in connection with the Lease Documents. The balance of the allegations contained in paragraph 27 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Key lacks information and knowledge sufficient to form a belief as to the balance of the allegations contained in paragraph 27 of the Complaint and therefore denies same.

28. Key admits only that the Transfers were made within the 90-day period prior to Broadband's bankruptcy filing. Key lacks information and knowledge sufficient to form a belief as to the balance of the allegations contained in paragraph 28 of the Complaint and therefore denies same.

29.     The allegations contained in paragraph 29 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Key denies the allegations contained in paragraph 29 of the Complaint.

30.     The allegations contained in paragraph 30 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Key lacks information and knowledge sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and therefore denies same.

31.     The allegations contained in paragraph 31 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Key lacks information and knowledge sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint and therefore denies same.

## COUNT III – RECOVERY OF TRANSFERS UNDER 11 U.S.C. § 550

32.     Key adopts and incorporates by reference the responses set forth in paragraphs 1 – 31 above.

33.     The allegations contained in paragraph 33 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Key denies the allegations contained in paragraph 33 of the Complaint.

## ADDITIONAL MATTERS

Key has not yet obtained discovery in this matter and reserves the right to amend or otherwise supplement this Answer as may be appropriate, including but not limited to asserting claims against Broadband and/or any third party, whether in the form of direct claims, counterclaims or cross-claims, in this or any future action. Without limiting the generality of the foregoing, and without regard to whether the additional defenses set forth below are affirmative

defenses within the meaning of Fed. R. Civ. P. 8(c) and Fed. R. Bankr. P. 7008, and without conceding that any such defenses must be set forth in this Answer at this time, Key states as follows:

### FIRST ADDITIONAL DEFENSE

Broadband has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, because, among other reasons, Broadband cannot satisfy all of the elements of 11 U.S.C. §§ 544, 547(b), 548(a) and/or 550(a) with respect to the Transfers or is barred by the applicable statute(s) of limitations from pursuing such claims, including without limitation 11 U.S.C. § 546(a).

### SECOND ADDITIONAL DEFENSE

Key states that under 11 U.S.C. § 547(c)(1), Broadband cannot avoid the Transfers to the extent the Transfers constituted a contemporaneous exchange for new value.

### THIRD ADDITIONAL DEFENSE

Key states that under 11 U.S.C. § 547(c)(2), Broadband cannot avoid the Transfers to the extent (i) the debt (s) giving rise to such Transfers were incurred, if at all, in the ordinary course of business or financial affairs of Broadband and Key, (ii) such Transfers were made and received in the ordinary course of business or financial affairs of Broadband and Key and (iii) such Transfers were made according to ordinary business terms.

### FOURTH ADDITIONAL DEFENSE

Key states that under 11 U.S.C. § 547(c)(4), Broadband cannot avoid the Transfers to the extent Key gave new value to or for the benefit of Broadband after the Transfers (i) which was

not secured by an otherwise unavoidable security interest and (ii) on account of which new value Broadband did not make an otherwise unavoidable transfer to or for the benefit of Key.

### FIFTH ADDITIONAL DEFENSE

Some or all of Broadband's claims are barred by the doctrine of laches and/or the applicable statute(s) of limitations, including without limitation 11 U.S.C. § 546.

### SIXTH ADDITIONAL DEFENSE

Some or all of Broadband's claims are barred by the doctrines of issue preclusion and claim preclusion/res judicata.

### SEVENTH ADDITIONAL DEFENSE

Broadband is precluded from recovering on its claims to the extent such claims, even if otherwise viable, will not "benefit . . . the estate" as required by 11 U.S.C. §§ 550(a).

### EIGHTH ADDITIONAL DEFENSE

Broadband is precluded from recovering on its claims to the extent Broadband lacks standing to pursue such claims and/or to the extent such claims are not ripe.

### NINTH ADDITIONAL DEFENSE

Some or all of Broadband's claims are barred by the doctrines of waiver and/or estoppel.

### TENTH ADDITIONAL DEFENSE

Broadband is precluded from recovering on some or all of its claims pursuant to 11 U.S.C. §§ 550(b) to the extent Key (a) took for value, in good faith, and without knowledge of the voidability of any avoided Transfers or (b) is an immediate or mediate good faith transferee of a transferee that took for value, in good faith, and without knowledge of the voidability of any avoided Transfers.

## ELEVENTH ADDITIONAL DEFENSE

Key states that under 11 U.S.C. § 547(c)(2), Broadband cannot avoid the Transfers to the extent Key was a secured creditor vis-à-vis the equipment provided to Broadband in connection with the Lease Documents.

WHEREFORE, Key requests that Broadband take nothing by way of the Complaint, that all of the relief requested by Broadband be denied, and that the Court award to Key its defense costs, including without limitation attorneys' fees, and grant such other and further relief as may be deemed just and proper.

Dated: May 5, 2006

BLANK ROME LLP

Steven L. Caponi (DE No. 3484)
Jason W. Staib (DE No. 3779)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

and

Regina Stango Kelbon, Esquire
Blank Rome LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555

Counsel for Defendant Key Equipment Finance Inc. f/k/a Key Corporate Capital, Inc. f/k/a Leastec Corporation

## CERTIFICATE OF SERVICE

I, Steven L. Caponi, Esquire, hereby certify that on the 5th day of May, 2006, I caused true and correct copies of *Defendant Key Equipment Finance Inc.'s Answer and Additional Defenses to Amended Complaint for Avoidance of Prepetition Transfers* to be served electronically on the following:

Adam Hiller, Esquire
Pepper Hamilton LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899

Thomas W. Briggs, Jr., Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

Ricardo Palacio, Esquire
Ashby & Geddes
222 Delaware Ave.
P.O. Box 1150
Wilmington, DE 19899

Brian A. Sullivan, Esquire
Werb & Sullivan
300 Delaware Ave., 10th Fl.
P.O. Box 25046
Wilmington, DE 19899

Steven L. Caponi (DE #3484)