# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>    BROADBAND OFFICE, INC.,<br><br>Debtor. | Case No. 04-407 (GMS) |
| BROADBAND OFFICE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY CREDIT CORPORATION d/b/a EXTREME NETWORKS CREDIT CORPORATION, EXTREME NETWORKS, INC.,<br>and<br>KEY EQUIPMENT FINANCE, INC. f/k/a/ KEY CORPORATE CAPITAL, INC. f/k/a LEASTEC CORPORATION,<br><br>Defendants. | Bankruptcy C.A. No. 01-1720 (GMS)<br>Chapter 11 |

DEFENDANT TECHNOLOGY CREDIT CORPORATION'S
AMENDED ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT AND CROSS-CLAIM

Defendant, Technology Credit Corporation d/b/a Extreme Networks Credit Corporation ("Defendant"), answering the Plaintiff's Amended Complaint for Avoidance of Prepetition Transfers (the "Amended Complaint") filed herein, admits, denies and alleges as follows:

    1.    Answering paragraph 1, Defendant admits the allegations contained therein.

    2.    Answering paragraph 2, Defendant lacks information and belief

regarding each and every allegation set forth therein and on that basis denies said allegations.

3. Answering paragraph 3, Defendant admits the allegations contained therein.

4. Answering paragraph 4, Defendant denies any Transfer(s) were made. Defendant denies that it did business with the Debtor as "Extreme Networks". Defendant also denies that it required Broadband to purchase insurance in favor of Extreme Networks Credit Corporation. Answering the remaining allegations of paragraph 4, Defendant admits the allegations contained therein.

5. Answering paragraph 5, Defendant denies any Transfer(s) were made. Answering the remaining allegations of Paragraph 5, Defendant admits the allegations contained therein.

6. Answering paragraph 6, Defendant lacks information and belief regarding each and every allegation set forth therein and on that basis denies said allegations.

7. Answering paragraph 7, Defendant denies that it agreed to allow Leasetec Corporation to act in the name of Technology Credit Corporation in its dealings with Broadband. Pursuant to contract, Leasetec did have the discretion to issue invoices in the name of Technology Credit Corporation. Answering the remaining allegations of paragraph 7, Defendant lacks information and belief regarding each and every allegation set forth therein and on that basis denies said allegations.

8. Answering paragraph 8, Defendant lacks information and belief regarding each and every allegation set forth therein and on that basis denies said

allegations.

9. Answering paragraph 9, Defendant lacks information and belief regarding each and every allegation set forth therein and on that basis denies said allegations.

10. Answering paragraph 10, Defendant denies that the alleged transactions occurred only on or about March 9, 2000. The alleged transactions occurred on a variety of dates, including but not limited to, dates on or around March 9, 2000.

11. Answering paragraph 11, Defendant denies that Extreme Networks, Inc. acted by and through Technology Credit Corporation. Defendant denies that Extreme Networks, Inc. financed the Equipment. Defendant denies that Extreme Networks, Inc. induced Leasetec to enter into any financing arrangements. Defendant denies that Extreme Networks, Inc. guaranteed Broadband's lease payment obligations to Leasetec. Defendant denies that amounts Broadband paid under the Master Lease Agreement benefited Extreme Networks, Inc. Answering the remaining allegations of Paragraph 11, Defendant admits the allegations contained therein.

12. Answering paragraph 12, Defendant denies generally and specifically, conjunctively and disjunctively each and every allegation contained therein.

13. Answering paragraph 13, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

14. Answering paragraph 14, Defendant denies generally and specifically, conjunctively and disjunctively each and every allegation contained therein.

15. Answering paragraph 15, Defendant denies any Transfer(s) were

made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

16. Answering paragraph 16, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

17. Answering paragraph 17, Defendant lacks information and belief regarding each and every allegation set forth therein and on that basis denies said allegations.

18. Answering paragraph 18, Defendant lacks information and belief regarding each and every allegation set forth therein and on that basis denies said allegations.

19. Answering paragraph 19, Defendant denies generally and specifically, conjunctively and disjunctively each and every allegation contained therein. Attorney Jeffrey A. Davis, the signatory to Exhibit B, has never been retained to represent Defendant and Mr. Davis was not authorized by Defendant to execute a tolling agreement. Mr. Davis had no authority, either actual (express or implied) or apparent, to execute a tolling agreement on behalf of Defendant. Further, the tolling agreement was purportedly signed on behalf of an entity other than Defendant.

20. Answering paragraph 20, Defendant incorporates its answers to paragraphs 1 through 19 as though fully set forth herein.

21. Answering paragraph 21, Defendant denies generally and specifically, conjunctively and disjunctively each and every allegation contained therein.

22. Answering paragraph 22, Defendant denies any Transfer(s) were

made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

23. Answering paragraph 23, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

24. Answering paragraph 24, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

25. Answering paragraph 25, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

26. Answering paragraph 26, Defendant incorporates its answers to paragraphs 1 through 25 as though fully set forth herein.

27. Answering paragraph 27, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

28. Answering paragraph 28, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

29. Answering paragraph 29, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

30. Answering paragraph 30, Defendant denies any Transfer(s) were

made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

31. Answering paragraph 31, Defendant denies any Transfer(s) were made. Defendant lacks information and belief regarding each remaining allegation set forth therein and on that basis denies said allegations.

32. Answering paragraph 32, Defendant incorporates its answers to paragraphs 1 through 31 as though fully set forth herein.

33. Answering paragraph 33, Defendant denies generally and specifically, conjunctively and disjunctively each and every allegation contained therein.

. AFFIRMATIVE DEFENSES

. FIRST AFFIRMATIVE DEFENSE

AS A FIRST AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff has failed to state facts upon which a claim for relief may be granted against this Defendant.

. SECOND AFFIRMATIVE DEFENSE

AS A SECOND AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff was careless and negligent in and about the matters alleged in the Amended Complaint, and that said carelessness and negligence on said Plaintiff's own part proximately contributed to the happening of the incident and to the loss and damages complained of, if any there were;

that should Plaintiff recover damages, Defendant is entitled to have the amount thereof abated, reduced or eliminated to the extent that Plaintiff's negligence caused or contributed to its damages, if any.

. THIRD AFFIRMATIVE DEFENSE

AS A THIRD AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that the sole and proximate cause of the incidents complained of by Plaintiff in the Amended Complaint was due to the act and/or omission of persons and entities other than this answering Defendant.

. FOURTH AFFIRMATIVE DEFENSE

AS A FOURTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff's claims are barred by the statute of limitations. 11 U.S.C. § 546.

. FIFTH AFFIRMATIVE DEFENSE

AS A FIFTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that at all times and places mentioned in the Amended Complaint herein, Plaintiff failed to mitigate the amount of its damages. The damages claimed by Plaintiff could have been mitigated by due diligence on its part or by one acting under similar circumstances. The Plaintiff's failure to mitigate is a bar to its recovery under the Amended Complaint.

. <u>SIXTH AFFIRMATIVE DEFENSE</u>

AS A SIXTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that said Amended Complaint is barred by the Doctrine of Estoppel and/or Waiver.

. <u>SEVENTH AFFIRMATIVE DEFENSE</u>

AS A SEVENTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that said Amended Complaint is barred by the Doctrine of Laches.

. <u>EIGHTH AFFIRMATIVE DEFENSE</u>

AS AN EIGHTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that said Amended Complaint is barred by the Doctrine of Unclean Hands.

. <u>NINTH AFFIRMATIVE DEFENSE</u>

AS A NINTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff failed to exhaust administrative remedies and/or remedies provided by contract.

. TENTH AFFIRMATIVE DEFENSE

AS A TENTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff consented to the acts complained of.

. ELEVENTH AFFIRMATIVE DEFENSE

AS AN ELEVENTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff may not recover on its claims because the Transfer(s) were not made to or for the benefit of Defendant.

. TWELFTH AFFIRMATIVE DEFENSE

AS A TWELFTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff may not recover on its claims because the Transfer(s) were not made for or on account of an antecedent debt owed by Plaintiff to Defendant before such Transfer(s) were made.

. THIRTEENTH AFFIRMATIVE DEFENSE

AS A THIRTEENTH AFFIRMATIVE DEFENSE TO THE AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CLAIM FOR RELIEF CONTAINED THEREIN, this answering Defendant alleges that Plaintiff may not recover on its claims because, to the extent any Transfer(s) were made to a third party and in Defendant's name, the Transfer(s) were made in payment of a debt incurred by Plaintiff

in the ordinary course of business or financial affairs of Plaintiff and said third party; made in the ordinary course of business or financial affairs of Plaintiff and said third party; and made according to ordinary business terms.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by its Amended Complaint;
2. For Defendant's costs of suit incurred herein; and
3. For such other and further relief as the court deems just and proper.

## CROSS-CLAIM OF DEFENDANT/CROSS-CLAIM PLAINTIFF TECHNOLOGY CREDIT CORPORATION d/b/a EXTREME NETWORKS CREDIT CORPORATION AGAINST KEY EQUIPMENT FINANCE, INC. f/k/a KEY CORPORATE CAPITAL, INC. f/k/a LEASTEC CORPORATION

Defendant/Cross-Claim Plaintiff, Technology Credit Corporation d/b/a Extreme Networks Credit Corp. ("TCC"), as and for its cross-claims against Key Equipment Finance, Inc. f/k/a/ Key Corporate Capital, Inc. f/k/a Leastec Corporation ("Key") hereby alleges as follows:

4. The cross-claims set forth below are based, in part, on information and belief unless stated otherwise.

5. The cross-claims set forth below are made pursuant to Fed. R. Civ. P. 13(g). The Cross-Claim Defendant is a proper cross-claim defendant under Fed. R. Civ. P. 13(g), because its liability to TCC, as set forth herein, is dependent and derivative of any liability that TCC is found to have toward Plaintiff in this case.

6. This Court has jurisdiction over the cross-claims set forth below under 28 U.S.C. §§ 157, 1334 and 1367.

7. This is a non-core proceeding.

8. Without admitting any of the allegations of the Amended Complaint not otherwise specifically admitted above, TCC refers to, and incorporates in this cross-complaint by reference, the Amended Complaint.

9. TCC denies that it is liable to Plaintiff in any respect. However, in the event that TCC is held liable to Plaintiff, TCC cross-claims against Key on the grounds that TCC is entitled to equitable indemnity, apportionment of liability and contribution from Key, including reasonable attorneys fees and costs incurred in defending this action.

10. Pursuant to a written agreement dated October 10, 1988, TCC and Key, then Leastec, entered into a contract whereby TCC agreed to offer for sale to Key certain equipment which TCC would, from time to time, purchase from various manufacturers and for which TCC would have entered into leases with various lessees. With respect to any equipment purchased by Key, upon closing Key would acquire all rights and privileges of TCC set forth in the applicable agreements between TCC and the manufacturer from whom it acquired the equipment.

11. On or about March 9, 2000, TCC entered into a master lease agreement, X163 (the "Master Lease Agreement X163") with Plaintff. Under the terms of the Master Lease Agreement X163, TCC agreed to lease to Plaintiff certain equipment purchased from Extreme Networks, Inc. identified in various lease schedules entered into pursuant to the Master Lease Agreement X163. The lease schedules incorporated the terms of the Master Lease Agreement X163.

12. Pursuant to TCC's contract with Key, between March 9, 2000 and July 20, 2000, lease schedules 01 through 06 together with the Master Lease Agreement

X163 were sold and assigned in whole to Key. Pursuant to the Bills of Sale and Assignment, TCC transferred all of its "right, title and interest in and to the equipment" related to the leases and assigned all of its rights under the leases to Key.

13. The alleged Transfers (as defined in the Amended Complaint) were made by Plaintiff to Key on account of invoices prepared by Key and related to the lease schedules 01 through 06. Upon information and belief, the alleged Transfers (as defined in the Amended Complaint) were deposited into a Key account for the benefit of Key and applied by Key to specific Key invoices related to lease schedules 01 through 06.

14. Following the sale and assignment to Key, TCC had no rights or interests in the lease schedules 01 through 06 or in the underlying equipment. The alleged Transfers at issue in the Amended Complaint were made to and entirely for the benefit of Key. TCC never received any of the Transfers, at no time had possession of any of the Transfers and received no benefit from the Transfers.

15. In the event that TCC is found liable to Plaintiff on account of all or part of the alleged Transfers (as defined in the Amended Complaint), then Key is liable to TCC for some or all amounts that TCC is required to pay to Plaintiff and for all other losses suffered by TCC as a result of Plaintiff's action against it. TCC is entitled to equitable indemnity, apportionment of liability and contribution from Key for the damages allegedly suffered by Plaintiff.

16. On information and belief, Key agreed to indemnify TCC for and hold TCC harmless against, among other things, any loss suffered by TCC as a result of Plaintiff's action against TCC, including without limitation any judgment entered in favor of Plaintiff against TCC.

17. Even absent an express agreement to indemnify and hold TCC harmless against loss, as a result of the sale and assignment of schedules 01 through 06 to Key, TCC is entitled to be indemnified and held harmless by Key for any loss suffered by TCC as a result of Plaintiff's action against TCC, including without limitation, any judgment entered in favor of Plaintiff against TCC.

18. Further, to the extent that Plaintiff is successful in avoiding and recovering alleged preferential transfers from TCC, TCC is entitled to contribution from and apportionment of liability with Key, at minimum, to the extent that any such transfers were received by Key.

19. Alternatively, in the event Plaintiff is successful in avoiding and recovering alleged preferential transfers from TCC, Key, who was the recipient of such transfers, will have been unjustly enriched at TCC's expense in the amount of such avoided and recovered transfers. Equity and good conscience require that Key be compelled to repay such amounts to TCC.

WHEREFORE, TCC prays for judgment as follows:

(a) entering judgment in favor of TCC and against Key; and

(b) awarding to TCC as damages the amount of any judgment against TCC on Plaintiff's claims together with all litigation costs, fees and expenses and such other relief as the Court deems appropriate.

Dated: Wilmington, Delaware

~~January 30,~~June __, 2006

                                  MORRIS, NICHOLS, ARSHT & TUNNELL

                                  _____
                                  William H. Sudell (#463)
                                  Thomas W. Briggs, Jr. (#4076)
                                  1201 North Market Street
                                  P.O. Box 1347
                                  Wilmington, Delaware 19899-1347
                                  (302) 658-9200
                                    Counsel for Defendant <u>Technology Credit Corporation d/b/a Extreme Networks Credit Corporation</u>

OF COUNSEL:

Katherine S. Clark
Law Offices
919 The Alameda
San Jose, CA 95126
(408) 350-7523

14