# EXHIBIT C

Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2005 WL 735554 (D.Del.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

**H**  
Briefs and Other Related Documents  
Only the Westlaw citation is currently available.  
United States District Court,D. Delaware.  
N.A.I.F. INC., Friend of Abdullah T. Hameen; Ismaa'Eel H. Hackett; and Shakirah Hameen, Plaintiffs,  
v.  
Robert SNYDER, Betty Burris, Larry McGuigan, Charles Cunningham, Ron G. Hostermen, Frank Pennell, Stanley W. Taylor, Jr., Carl C. Danberg, and Paul Howard, Defendants.  
No. Civ.A. 03-506 JJF.

March 30, 2005.

N.A.I.F., Inc., Wilmington, Delaware, Plaintiff, pro se.  
Ismaa'eel H. Hackett, Wilmington, Delaware, Plaintiff, pro se.  
Shakirah Hameen, Philadelphia, Pennsylvania, Plaintiff, pro se.  
Stuart B. Drowos, of the Department of Justice for the State of Delaware, Wilmington, Delaware, for Defendants Robert Snyder, Betty Burris, Larry McGuigan, Charles Cunningham, Ron G. Hostermen, Frank Pennell, Stanley w. Taylor, Jr., Carl C. Danberg, and Paul Howard.

*MEMORANDUM OPINION*

FARNAN, J.  
*1 Presently before the Court is the Motion To Reconsider The Court's Order Granting Plaintiff's Motion To Amend The Complaint (D.I.27) filed by State Defendants Robert Snyder, Larry McGuigan, Betty Burris, Charles Cunningham, Ron Hosterman, Frank Pennell, Stan Taylor, Carl C. Danberg, and Paul Howard. For the reasons discussed, the motion will be denied.

BACKGROUND

Plaintiff Ismaa'eel Hackett is the Director and Iman of the North American Islamic Foundation, Inc. ("NAIF"), a national not-for-profit organization located in Wilmington, Delaware. Mr. Hackett and NAIF filed this lawsuit pursuant to 42 U.S.C. § 1983 as next friend of Abdullah T. Hameen, a former death row inmate who was executed in May 2001. Mr. Hackett volunteered his services as a religious advisor to Muslim inmates at the DCC. In their First Amended Complaint (D.I.3), Plaintiffs Hackett and NAIF allege that Defendants violated Mr. Hameen's First Amendment right to freedom of religion when they failed to allow Mr. Hackett to act as Mr. Hameen's religious advisor at the time of his execution.

On October 24, 2003, Defendants filed a Motion For Summary Judgment (D.I.14). On January 27, 2004, Plaintiffs Hackett and NAIF filed a Motion For Leave To File Second Amended Complaint (D.I.23), in which they added Shakirah Hameen, Mr. Hameen's widow, as a plaintiff and added a claim pursuant to the Religious Land Use And Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. On February 9, 2004, the Court entered an Order (D.I.26) granting the Motion For Leave To File Second Amended Complaint. On February 23, 2004, Defendants filed the instant motion for reconsideration of the Court's February 9 Order.

PARTIES' CONTENTIONS

By their motion, Defendants contend that Plaintiffs' Motion For Leave To File Second Amended Complaint (D.I.23) should be denied for three reasons: 1) Plaintiffs' motion is the product of undue delay; 2) Plaintiffs' amendment adding Ms. Hameen violates the applicable statute of limitations, and 3) the constitutionality of RLUIPA is questionable.

Plaintiffs respond that, because they are acting *pro se*, they did not have knowledge of RLUIPA at the times they filed the original Complaint and the First Amended Complaint. Plaintiffs further contend that RLUIPA is constitutional.

LEGAL STANDARD

"As a general rule, motions for reconsideration should be granted 'sparingly.' " *Stafford v. Noramco of Delaware, Inc.,* 2001 WL 65738 at *1 (D.Del. Jan. 10, 2001) (quoting *Karr v. Castle,* 768 F.Supp. 1087, 1090 (D.Del.1991)). The purpose of granting motions for reconsideration is to correct manifest errors of law or fact, present newly discovered evidence, or to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00407-GMS    Document 38-4    Filed 06/15/2006    Page 3 of 4

Not Reported in F.Supp.2d                                                                                                 Page 2
Not Reported in F.Supp.2d, 2005 WL 735554 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

prevent manifest injustice. *Harsco Corp. v. Zlotnicky,* 176 F.3d 669, 677 (3d Cir.1999) (citing *Keene Corp. v. Int'l Fid. Ins. Co.,* 561 F.Supp. 656, 665 (N.D.Ill.1983); *North River Ins. Co. v. CIGNA Reins.,* 52 F.3d 1194, 1218 (3d Cir.1995) (citations omitted). Parties should remain mindful that a motion for reconsideration is not merely an opportunity to "accomplish [the] repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle,* 768 F.Supp. 1087, 1093 (D.Del.1991) (citing *Brambles U.S.A., Inc. v. Blocker,* 735 F.Supp. 1239, 1240-41 (D.Del.1990). However, a court should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result. *Id.* (citing *Weissman v. Fruchtman,* 124 F.R.D. 559, 560 (S.D.N.Y.1989)).

DISCUSSION

*2 For the reasons discussed, the Court concludes that State Defendants have not identified errors of law or fact, newly discovered evidence, or manifest injustice sufficient to allow the Court to grant the motion for reconsideration.

I. Whether Plaintiffs' Motion For Leave To Amend Should Be Denied As The Product Of Undue Delay

Defendants first contend that Plaintiffs' motion is the product of undue delay. Defendants specifically contend that Mr. Hackett possessed the information he added to his Second Amended Complaint at the time he filed his First Amended Complaint and, therefore, he acted in a dilatory manner. Defendants further contend that it was only after Mr. Hackett received Defendants' Motion For Summary Judgment (D.I.27), wherein Defendants argued that Mr. Hackett lacked standing, that Mr. Hackett filed the Second Amended Complaint adding Shakeerah Hameen, Mr. Hameen's widow, as a plaintiff.

Federal Rule of Civil Procedure 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In the absence of substantial or undue prejudice, denial of a motion for leave to amend a pleading "must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir.1993).

The Court concludes that, although the amendment was made after Defendants filed a motion for summary judgment, Defendants have not shown they are substantially or unduly prejudiced by the amendment. The Court finds that Plaintiffs have not acted in bad faith or had dilatory motives in failing to add Ms. Hameen or file the RLUIPA claim in the original Complaint. Further, the Court finds no undue or unexplained delay on the Plaintiffs' part, particularly because they are acting *pro se.*

II. Whether Plaintiffs' Motion For Leave To Amend Should Be Denied With Regard To Ms. Hameen On Statute Of Limitation Grounds

Defendants contend that Plaintiffs' amendment adding Ms. Hameen should be denied on statute of limitation grounds.

The Supreme Court has held that the state statute of limitations for personal injury actions applies to § 1983 claims. See *Owens v. Okure,* 488 U.S. 235, 239 (1989); *Wilson v. Garcia,* 471 U.S. 261, 269 (1985); *Smith v. City of Pittsburgh,* 764 F.2d 188, 194 (3d Cir). In Delaware, the limitations period for a personal injury claim is two years. Del.Code Ann. tit. 10, § 8119 (1974); *McDowell v. Delaware State Police,* 88 F.3d 188, 190 (3d Cir.1996).

Federal Rule of Civil Procedure 15(c) allows amendments that add a party despite the running of an applicable state statute of limitations in certain circumstances. Fed. R. Civ P. 15(c)(3). To ameliorate the running of the statute of limitations, Rule 15(c)(3) imposes three conditions, all of which must be met for a party to successfully relate back an amended complaint adding a new plaintiff. See *Singletary v. Pennsylvania Depot of Corrections,* 266 F.3d 186, 193-94 (3d Cir.2001) (describing the three elements of Rule 15(c)(3)); *see also Nelson v. County of Allegheny,* 60 F.3d 1010, 1014 n. 7 (3d Cir.1995) (noting that the relation back of amendments applies equally to amendments changing and adding plaintiffs). The three elements of Rule 15(c)(3) are whether 1) the claim arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, 2) whether the defendant had notice of the filing of the action within the period provided by Rule 4(m) and will not be prejudiced in maintaining a defense, and 3) the newly named plaintiffs failed to add their names to the complaint because of a mistake. Fed.R.Civ.P. 15(c)(3); *Nelson,* 60 F.3d at 1015.

*3 The Court finds that, in the circumstances of this

Case 1:04-cv-00407-GMS    Document 38-4    Filed 06/15/2006    Page 4 of 4

Not Reported in F.Supp.2d                                                                                          Page 3
Not Reported in F.Supp.2d, 2005 WL 735554 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

case, Defendants had notice of and will not be prejudiced in maintaining a defense to the § 1983 claim. With respect to the third element, the Court finds that the facts in the instant case demonstrate that but for Mr. Hackett's mistake, Ms. Hameen would have been named in the Complaint. Fed.R.Civ.P. 15(c)(3)(B).

For these reasons, the Court concludes that under Rule 15(c)(3) Plaintiff's amendment adding Ms. Hameen as a plaintiff is entitled to relate back to the filing of the Complaint.

### III. Whether Plaintiffs' Motion For Leave To Amend Should Be Denied With Regard To The RLUIPA Claim

Defendants contend that Plaintiffs' motion to amend adding a RLUIPA claim should be denied because the U.S. Supreme Court has yet to consider the constitutionality of RLUIPA.

Federal Rule of Civil Procedure 15(c)(2) allows an amendment stating a different claim than the original Complaint to relate back to the date of the original Complaint if the new claim is within the Court's jurisdiction and arises out of the conduct, transaction, or occurrence set forth in the original Complaint. Fed.R.Civ.P. 15(c)(2).

The Court concludes that the RLUIPA claim is within the Court's federal question jurisdiction and arises from the conduct set forth in the original Complaint. Thus, the Court concludes that Defendants' Motion To Reconsider (D.I.27) should be denied with respect to the addition of the RLUIPA claim.

### CONCLUSION

In sum, the Court concludes that State Defendants have not identified errors of law or fact, newly discovered evidence, or manifest injustice sufficient to allow the Court to grant the motion for reconsideration.

An appropriate Order will be entered.

### ORDER

At Wilmington, this *30* day of March 2005, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that the Motion To Reconsider The Court's Order Granting Plaintiff's Motion To Amend The Complaint (D.I.27) filed by State Defendants is *DENIED*.

D.Del.,2005.
N.A.I.F. Inc. v. Snyder
Not Reported in F.Supp.2d, 2005 WL 735554 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00506 (Docket) (May. 23, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.