## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BROADBAND OFFICE, INC.,<br><br>　　　　　　　　　　　Debtor. | Civil Action No. 04-407 (GMS)<br><br>Bankruptcy Case No. 01-1720 (GMS)<br><br>Chapter 11 |
| BROADBAND OFFICE, INC.,<br>　　　　　　　　　　　Plaintiff,<br>vs.<br>TECHNOLOGY CREDIT CORPORATION<br>d/b/a EXTREME NETWORKS CREDIT<br>CORPORATION, and<br>EXTREME NETWORKS, INC., and<br>KEY EQUIPMENT FINANCE, INC., f/k/a<br>KEY CORPORATE CAPITAL, INC., f/k/a<br>LEASETEC CORPORATION<br>　　　　　　　　　　　Defendants. | |

**PLAINTIFF BROADBAND OFFICE, INC.'S MOTION
FOR ENLARGEMENT OF FACT DISCOVERY PERIOD AND RELATED
NON-TRIAL DEADLINES AND PLAINTIFF'S COUNSEL'S CERTIFICATION
OF NON-OPPOSITION OF CERTAIN DEFENDANTS**

　　　　Plaintiff Broadband Office, Inc. hereby moves for an enlargement of the period for completion of fact discovery by sixty (60) days and for the extension of related deadlines other than the trial date, pursuant to Fed. R. Civ. P. 6(b) and D. Del. LR 16.5. In support of the Motion, Plaintiff states as follows:

　　　　1.　　On April 28, 2006, the Court entered a Scheduling Order (the "Scheduling Order") that established the following deadlines.

1

| Fact Discovery Completion Date | October 15, 2006 |
|---|---|
| Expert Report Due Date | October 30, 2006 |
| Expert Discovery Completion Date | December 15, 2006 |
| Case-Dispositive Motions Filing Date | January 15, 2007 |
| Mediation before Honorable Mary Pat Thynge | February 20, 2007 |
| Trial | May 29, 2007 |

2.     The Plaintiff filed this action under §§ 547 and 550 of 11 U.S.C. § 101 et. seq. to avoid and recover from Defendant Technology Credit Corporation certain monetary transfers totaling $771, 875.07 made by Broadband Office, Inc. within ninety days of its bankruptcy filing. With leave of this Court, Plaintiff filed an Amended Complaint naming all three current defendants as parties from whom the Transfers could be recovered. The transfers in question relate to a lease transaction in which Plaintiff believes the record shows the original defendant was doing business under the name of another defendant, and that the defendants were acting as agents with actual or apparent authority to act on one another's behalf in dealing with Broadband Office, Inc. *See, Amended Complaint, paragraphs 4, 9, 11, 12* (D. I. 9). Defendants have alleged, inter alia, that Plaintiff's claims are barred by the limitation provisions of 11 U.S.C. § 546, and Defendant Key Equipment Finance, Inc. filed a Motion to Dismiss the Amended Complaint on that basis. *See, Defendant Key Equipment Finance, Inc.'s Brief in Support of Its Motion to Dismiss, pages 1-11* (D. I. 16). Plaintiff has asserted in response that its claims are not time-barred, and asserts further, inter alia, the effect of a "Stipulation Tolling Statute of Limitations" that is the subject of much dispute, the applicability of "relation back" under Fed. R. Civ. P. 15, and the doctrine of "equitable tolling".

*See, Plaintiff's Brief in Opposition to Key Equipment Finance, Inc.'s Motion to Dismiss, pages 5, 10-18* (D. I. 22).[1]

    3.    As part of the limitations analysis at trial, the questions of (a) who received notice of the lawsuit, (b) when they received it, and (c) to whom such knowledge may be charged or imputed, will be crucial. Plaintiff has served Interrogatories and Requests for Production of Documents on all three defendants aimed at identifying all communications and notice among the defendants and their agents (who may well be lawyers) related to this lawsuit or the underlying transactions, and also their communications with third parties and common agents. Plaintiff has also prepared for service four subpoenas requesting documents from non-parties, including a governmental entity. Plaintiff has scheduled the depositions of numerous witnesses, including every person associated with any defendant and identified in the Rule 26 Disclosures as having potentially relevant knowledge.[2]

    4.    Among the third parties subject to subpoena are a major law firm and two of its partners, who may have represented more than one defendant and whose knowledge may be imputable. One of those attorneys signed the disputed "Stipulation Tolling Statute of Limitations" in the name of an apparently non-existent corporation used as a "trade name" by at least one defendant as part of the leasing arrangement, but it has been alleged that he did so in the belief that he was acting on behalf of another defendant and without knowledge that the named corporation did not exist[3]. It also appears to Plaintiff that there was litigation among certain related in part to the

---

[1] The Court denied Key Equipment Finance, Inc.'s Motion to Dismiss (D. I. 28), but the limitations issue remains a crucial one in the case.

[2] Counsel for the parties have held a scheduling conference for the depositions. The schedule discussed is subject to confirmation prior to the actual depositions. One defendant served Rule 26 disclosures only this week, and stated it could identify could not identify even one person with relevant knowledge.

[3] Plaintiff is reluctant to discuss in detail allegations that are not at this point evidence, but raised this point to inform the Court of the agency and apparent authority issues, in some instances related to attorneys.

underlying lease transaction, and that the agreement resolving that litigation may have significance in this case.

5.  While Plaintiff's current planned schedule could result in the completion of the depositions of those identified witnesses by the existing Fact Discovery Completion Date, Plaintiff has come to recognize that it is likely that the identities of other persons with relevant knowledge may not be disclosed in time to have such witness deposed. While in the ordinary case that risk is not so crucial, it is paramount in the case where the Plaintiff is trying to prove "notice" to two large corporate defendants. In addition, the schedule could be derailed by a third party witness making a contested assertion of privilege. Rather than wait for such an eventuality, and then present an emergency motion to the Court, Plaintiff believes it prudent to raise the issue at this time and seek an enlargement that will allow for an orderly process.

6.  Plaintiff believes that enlarging the period for fact discovery will assist the parties in presenting to the Court, or themselves resolving in a fair and equitable manner, the complex issues presented regarding authority to sign the Stipulation Tolling Statute of Limitations, relation back under Rule 15, knowledge of action by the certain Defendants and/or equitable tolling. Plaintiff also believes that fact discovery in this case is of far greater importance than is expert discovery.

7.  Plaintiff has asked all three defendants to not oppose its request for the relief sought herein, and two defendants have agreed to that request. More specifically, Defendant Extreme Networks, Inc. and Defendant Technology Credit Corporation have authorized Plaintiff to represent to the Court that neither objects to the relief requested in this by Motion; however, Defendants Extreme Networks, Inc. and Technology Credit Corporation have also requested that Plaintiff inform the Court that such non-objection is not, and should not be construed as, an acceptance of the various representations and allegations set forth by Plaintiff in the Motion, and that Extreme

Networks, Inc. and Technology Credit Corporation reserve fully all of their rights and defenses as to any issues of law or fact.

8.  Plaintiff requests the enlargement of the period for fact discovery by sixty (60) days and the extension of certain subsequent deadlines correspondingly. Plaintiff is not seeking an alteration of the existing May 29, 2007 trial date, and believes that that the enlargement requested herein will not affect that trial date. The requested relief is without question within the Court's discretion to grant under its inherent powers and under Fed. R. Civ. P. 6(b), and the requested relief will cause no prejudice to any party or non-party. There have been no previous requests for any extensions presented to the Court by Plaintiff, and the undersigned counsel represents that this request is not interposed for any improper purpose. Plaintiff submits therefore that the granting of this motion will further the presentation of the facts to the Court and is in the interests of justice.

## CERTIFICATE OF COMPLIANCE WITH D. DEL. LR 7.1.1 AND 16.5

9.  The undersigned attorney for Plaintiff certifies that he has made a good faith effort to resolve the matters which are the subject of this Motion in accordance with D. Del. LR 7.1.1 and certifies that Defendants Technology Credit Corporation and Extreme Networks, Inc. do not object to the relief sought herein, as described in more detail above. Defendant Key Equipment Finance, Inc. has stated that it opposes the relief sought herein. The undersigned attorney for Plaintiff certifies further that he has provided a copy of this Motion to his client as required by D. Del. LR 16.5.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, based upon the foregoing, Plaintiff respectfully requests that the Court grant this motion and issue an order substantially in the form submitted with this Motion, which order would grant the relief sought herein.

Dated: September 15, 2006                WERB & SULLIVAN

/s/  **Robert Wilcox**
Brian A. Sullivan (I.D. #2098)
Robert D. Wilcox (I.D. #4321)
Amy D. Brown (I.D. #4077)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, DE  19801
(302) 652-1100
(302) 652-1111 (fax)

Attorneys for Broadband Office, Inc.