# *Exhibit G*



BILL OF SALE



MLA No.   X163
Schedule No. 01

Extreme Networks, Inc. ("Seller"), for good and valuable consideration, has, on the date set by the terms of the Agreement (hereinafter defined), sold and transferred to Technology Credit Corporation ("Buyer"), all of Seller's right, title and interest in the equipment described in Schedule A attached hereto ("Equipment") pursuant to the Agreement for the Purchase of Equipment between Buyer and Seller dated June 9, 1999 (the "Agreement").

Seller hereby warrants that (i) it has conveyed to Buyer good and marketable title to the Equipment, free from any lien, claim, charge or encumbrance other that Seller's security interest, which security interest shall be released upon payment to Seller of all sums due under the Agreement, and the Lease(s) entered into by Buyer with Lessee related to the Equipment, (ii) except as otherwise disclosed on Schedule A, the Equipment was new when conveyed to buyer, and (iii) all warranties and limitations of warranty of the Seller with respect to the Equipment are as stated in Lessee's Purchase Agreement with Seller are incorporated herein by this reference. Seller hereby assigns to Buyer (to the extent to which the same may be assignable) any warranty of the manufacturer (if other than Seller) relative to the Equipment

Capitalized terms used herein shall have the same meanings assigned to those terms in the Agreement.

IN WITNESS WHEREOF, Seller has caused this instrument to be executed by a duly authorized employee of Seller as of _____.

Extreme Networks, Inc.

By: _____

Name: Dorman Wood

Title: Manager, Worldwide Customer Finance

Date: March 1, 2000

**BBO-91**

3585 Monroe Street, Santa Clara, CA 95051
Phone 408.579.2800   Fax 408.579.3000
http://www.extremenetworks.com

BILL OF SALE 

MLA No.   X163
Schedule No. 02

Extreme Networks, Inc. ("Seller"), for good and valuable consideration, has, on the date set by the terms of the Agreement (hereinafter defined), sold and transferred to Technology Credit Corporation ("Buyer"), all of Seller's right, title and interest in the equipment described in Schedule A attached hereto ("Equipment") pursuant to the Agreement for the Purchase of Equipment between Buyer and Seller dated June 9, 1999 (the "Agreement").

Seller hereby warrants that (i) it has conveyed to Buyer good and marketable title to the Equipment, free from any lien, claim, charge or encumbrance other that Seller's security interest, which security interest shall be released upon payment to Seller of all sums due under the Agreement, and the Lease(s) entered into by Buyer with Lessee related to the Equipment, (ii) except as otherwise disclosed on Schedule A, the Equipment was new when conveyed to buyer, and (iii) all warranties and limitations of warranty of the Seller with respect to the Equipment are as stated in Lessee's Purchase Agreement with Seller are incorporated herein by this reference. Seller hereby assigns to Buyer (to the extent to which the same may be assignable) any warranty of the manufacturer (if other than Seller) relative to the Equipment

Capitalized terms used herein shall have the same meanings assigned to those terms in the Agreement.

IN WITNESS WHEREOF, Seller has caused this instrument to be executed by a duly authorized employee of Seller as of __March 17, 2000__.

Extreme Networks, Inc.
By: _____

Name: Dorman Wood

Title: Manager, Worldwide Customer Finance

Date: March 23, 2000

3585 Monroe Street, Santa Clara, CA 95051
Phone 408.579.2800   Fax 408.579.3050
http://www.extremenetworks.com

BBO-204



BILL OF SALE

MLA No.  X163
Schedule No. 03

Extreme Networks, Inc. ("Seller"), for good and valuable consideration, has, on the date set by the terms of the Agreement (hereinafter defined), sold and transferred to Technology Credit Corporation ("Buyer"), all of Seller's right, title and interest in the equipment described in Schedule A attached hereto ("Equipment") pursuant to the Agreement for the Purchase of Equipment between Buyer and Seller dated June 9, 1999 (the "Agreement").

Seller hereby warrants that (i) it has conveyed to Buyer good and marketable title to the Equipment, free from any lien, claim, charge or encumbrance other that Seller's security interest, which security interest shall be released upon payment to Seller of all sums due under the Agreement, and the Lease(s) entered into by Buyer with Lessee related to the Equipment, (ii) except as otherwise disclosed on Schedule A, the Equipment was new when conveyed to buyer, and (iii) all warranties and limitations of warranty of the Seller with respect to the Equipment are as stated in Lessee's Purchase Agreement with Seller are incorporated herein by this reference. Seller hereby assigns to Buyer (to the extent to which the same may be assignable) any warranty of the manufacturer (if other than Seller) relative to the Equipment

Capitalized terms used herein shall have the same meanings assigned to those terms in the Agreement.

IN WITNESS WHEREOF, Seller has caused this instrument to be executed by a duly authorized employee of Seller as of _____.

Extreme Networks, Inc.

By: _____

Name: Dorman Wood

Title: Manager, Worldwide Customer Finance

Date: March 28, 2000

BBO-126

3585 Monroe Street, Santa Clara, CA 95051
Phone 408 579 2800   Fax 408 579 3000



BILL OF SALE

MLA No.   X163
Schedule No. 04

Extreme Networks, Inc. ("Seller"), for good and valuable consideration, has, on the date set by the terms of the Agreement (hereinafter defined), sold and transferred to Technology Credit Corporation ("Buyer"), all of Seller's right, title and interest in the equipment described in Schedule A attached hereto ("Equipment") pursuant to the Agreement for the Purchase of Equipment between Buyer and Seller dated June 9, 1999 (the "Agreement").

Seller hereby warrants that (i) it has conveyed to Buyer good and marketable title to the Equipment, free from any lien, claim, charge or encumbrance other that Seller's security interest, which security interest shall be released upon payment to Seller of all sums due under the Agreement, and the Lease(s) entered into by Buyer with Lessee related to the Equipment, (ii) except as otherwise disclosed on Schedule A, the Equipment was new when conveyed to buyer, and (iii) all warranties and limitations of warranty of the Seller with respect to the Equipment are as stated in Lessee's Purchase Agreement with Seller are incorporated herein by this reference. Seller hereby assigns to Buyer (to the extent to which the same may be assignable) any warranty of the manufacturer (if other than Seller) relative to the Equipment

Capitalized terms used herein shall have the same meanings assigned to those terms in the Agreement.

IN WITNESS WHEREOF, Seller has caused this instrument to be executed by a duly authorized employee of Seller as of _____.


Extreme Networks, Inc.
By: _____

Name: Dorman Wood

Title: Manager, Worldwide Customer Finance

Date: April 18, 2000

**BBO-136**

3585 Monroe Street, Santa Clara, CA 95051
Phone 408.579.2800   Fax 408.579.3000

BILL OF SALE 

MLA No.  X163
Schedule No. 05

Extreme Networks, Inc. ("Seller"), for good and valuable consideration, has, on the date set by the terms of the Agreement (hereinafter defined), sold and transferred to Technology Credit Corporation ("Buyer"), all of Seller's right, title and interest in the equipment described in Schedule A attached hereto ("Equipment") pursuant to the Agreement for the Purchase of Equipment between Buyer and Seller dated June 9, 1999 (the "Agreement").

Seller hereby warrants that (i) it has conveyed to Buyer good and marketable title to the Equipment, free from any lien, claim, charge or encumbrance other that Seller's security interest, which security interest shall be released upon payment to Seller of all sums due under the Agreement, and the Lease(s) entered into by Buyer with Lessee related to the Equipment, (ii) except as otherwise disclosed on Schedule A, the Equipment was new when conveyed to buyer, and (iii) all warranties and limitations of warranty of the Seller with respect to the Equipment are as stated in Lessee's Purchase Agreement with Seller are incorporated herein by this reference. Seller hereby assigns to Buyer (to the extent to which the same may be assignable) any warranty of the manufacturer (if other than Seller) relative to the Equipment

Capitalized terms used herein shall have the same meanings assigned to those terms in the Agreement.

IN WITNESS WHEREOF, Seller has caused this instrument to be executed by a duly authorized employee of Seller as of _____.

Extreme Networks, Inc.

By: _____

Name: Mianne Rogers

Title: Domestic Credit Manager

Date: June 27, 2000

Monroe Street, Santa Clara, CA 95051
408.579.2800   Fax 408.579.3000
www.extremenetworks.com

BBO-145

BILL OF SALE



MLA No.   X163
Schedule No. 06

Extreme Networks, Inc. ("Seller"), for good and valuable consideration, has, on the date set by the terms of the Agreement (hereinafter defined), sold and transferred to Technology Credit Corporation ("Buyer"), all of Seller's right, title and interest in the equipment described in Schedule A attached hereto ("Equipment") pursuant to the Agreement for the Purchase of Equipment between Buyer and Seller dated June 9, 1999 (the "Agreement").

Seller hereby warrants that (i) it has conveyed to Buyer good and marketable title to the Equipment, free from any lien, claim, charge or encumbrance other that Seller's security interest, which security interest shall be released upon payment to Seller of all sums due under the Agreement, and the Lease(s) entered into by Buyer with Lessee related to the Equipment, (ii) except as otherwise disclosed on Schedule A, the Equipment was new when conveyed to buyer, and (iii) all warranties and limitations of warranty of the Seller with respect to the Equipment are as stated in Lessee's Purchase Agreement with Seller are incorporated herein by this reference. Seller hereby assigns to Buyer (to the extent to which the same may be assignable) any warranty of the manufacturer (if other than Seller) relative to the Equipment

Capitalized terms used herein shall have the same meanings assigned to those terms in the Agreement.

IN WITNESS WHEREOF, Seller has caused this instrument to be executed by a duly authorized employee of Seller as of _____.

Extreme Networks, Inc.

By: _____

Name: Mianne Rogers

Title: Domestic Credit Manager

Date: July 26, 2000

3585 Monroe Street, Santa Clara, CA 95051
Phone 408.579.2800   Fax 408.579.3000
http://www.extremenetworks.com

BBO-160