# *Exhibit I*

## LEASE GUARANTY

FOR VALUE RECEIVED, receipt whereof is hereby acknowledged, and to induce Extreme Networks® Credit Corporation (hereinafter called the "Assignee") to accept assignment of a lease of personal property under Master Lease No. X163, dated _____ March 9, 2000 _____, which, together with all existing and future equipment lease schedules and related, supplements, riders and addenda thereto, are herein collectively called the "Lease" between Extreme Networks® Credit Corporation and Broadband Office, Inc. ("Lessee"), the undersigned (and each of them if more than one, hereinafter collectively called the "Guarantor") hereby jointly and severally unconditionally guarantees and promises to Assignee as follows:

**1. PAYMENT AND PERFORMANCE.**

The Guarantor guarantees and promises to Assignee that Lessee will promptly perform and comply with each of its agreements contained in the Lease, and that all sums payable by the Lessee under such Lease will be promptly paid when due in accordance with the provisions thereof and, in case of extension of time of payment, in whole or in part, of any such sums, that all such sums will be promptly paid when due in accordance with the terms of such extension provided. Guarantor hereby waives any right to require Assignee to apply any payments or proceeds received in any particular order against the indebtedness, including any right to require Assignee to apply payments first to principal.

**2. WAIVER OF NOTICE OF MODIFICATION OF LEASE.**

The Guarantor hereby consents that at any time or from time to time without notice to the Guarantor, the time for the Lessee's performance of or compliance with any of its obligations contained in such Lease may be extended or such performance or compliance may be waived by the Assignee; such Lease may from time to time be amended for the purpose of adding any provision thereto, including additional indebtedness, or changing in any manner the rights of Assignee or of Lessee thereunder; payment of any sums due or to become due under such Lease may be extended, in whole or in part; and the terms of such Lease may be waived by the Assignee in its sole discretion; all without affecting the liability of the Guarantor hereunder.

**3. ASSIGNEE'S REMEDIES.**

Assignee may pursue its rights and remedies under this Guaranty and shall be entitled to payment hereunder and to enforce all of its other rights hereunder notwithstanding any other guaranty of, or security for, all or any part of the obligations of Lessee under such Lease and notwithstanding any action taken or omitted to be taken by Assignee to enforce any of its rights or remedies under the Lease, under such other guaranty or with respect to any other security, or any payment received thereunder; and the Guarantor shall not be subrogated, in whole or in part, to the rights of Assignee against Lessee under such Lease until Assignee shall have been paid in full all such sums as are at any time payable by Lessee under such Lease.

**4. ASSIGNMENT OF GUARANTY.**

Assignee may assign this instrument or any rights and powers hereunder with any assignment of such Lease or any sums due or to become due, or any rights, claims, powers and remedies thereunder and, in the event of such assignment, such assignee shall have the same rights and remedies as if originally named herein.

**5. WAIVER OF PRESENTMENT, DEMAND AND PROTEST.**
Guarantor hereby waives diligence, presentment of any instrument, demand for payment, protest and notice of non-payment or protest and the performance of each and every condition precedent to which Guarantor might otherwise be entitled by law. Guarantor also waives notice of any action or non-action taken by Lessee, Assignee or any other guarantor, notice of the creation or accrual of any of the obligations of Lessee to Assignee under such Lease, and all demands whatsoever.

**6. WAIVER OF DEFENSES.**

Guarantor hereby waives any right it may have arising from any disability or defense of Lessee.

**7. INDEPENDENT OBLIGATION.**

Lessee's obligations, and each of them, shall conclusively be deemed to have been created, contracted or incurred in reliance upon this Guaranty. The obligations of the undersigned hereunder are joint and several, and are independent of the obligations of Lessee. Guarantor waives any right to require Assignee to proceed first against any collateral or any other person. A separate action or actions may be brought and prosecuted against Guarantor, or any of them, whether an action is brought against Lessee or whether Lessee be joined in any such action or actions; and Guarantor waives the benefit of any statute of limitations affecting its liability hereunder or the enforcement thereof.

**8. UNCONDITIONAL GUARANTY.**

This Guaranty shall be construed as a continuing, absolute and unconditional guaranty of payment and performance of Lessee's obligations under the Lease, irrespective of the validity or enforceability of (I) any of the obligations of Lessee to Assignee as aforesaid, or (ii) the Lease, or (iii) any security therefor, and notwithstanding any present or future law or order of any government (de jure or de facto) or of any agency thereof purporting to reduce, amend or otherwise affect any obligation of Lessee or other obligor or to vary any terms of payment, and irrespective of any other circumstance which might otherwise constitute a legal or equitable discharge of a surety or a guarantor. Notwithstanding the above, the maximum liability of Guarantor to Assignee shall be 35% of the aggregate equipment value as shown on the lease.

**9. SEVERABILITY.**

Should any provision of this Guarantee be held invalid or unenforceable by a court of competent jurisdiction, the remaining provisions of this Guarantee shall remain in full force and effect.

**10. WAIVER OF JURY.**

Guarantor hereby waives any and all right to a trial by jury in any action or proceeding based hereon.

**11. MISCELLANEOUS.**

Without the written consent of Assignee, this Guaranty cannot be changed, terminated or assigned by Guarantor. This Guaranty shall be governed by and construed according to the laws of the State of Colorado, shall be binding upon the heirs, executors, administrators, successors, and assigns of the Guarantor and shall inure to the benefit of the Assignee, its successors and assigns.

Guarantor

Extreme Networks, Inc.

By: _Vito Palermo_

Title: CFO

Date: 3/24/00

Witness: _____

If additional individual Guarantor:

By: _____

Title: _____

Date: _____

Witness: _____

Guarantor's address: 3585 MONROE STREET
SANTA CLARA, CA. 95051

Guarantor's address: _____

BBO-111

MLA X163-C ✓

## LEASE GUARANTY

FOR VALUE RECEIVED, receipt whereof is hereby acknowledged, and to induce LEASETEC CORPORATION (hereinafter called the "Assignee") to accept assignment of a lease of personal property from Extreme Networks, Inc. under Master Lease No. 01, dated _____, which, together with all existing and future equipment lease schedules and related, supplements, riders and addenda thereto, are herein collectively called the "Lease" between Extreme Networks® Credit Corporation and Broadband Office, Inc. ("Lessee"), the undersigned (and each of them if more than one, hereinafter collectively called the "Guarantor") hereby jointly and severally unconditionally guarantees and promises to Assignee as follows:

1. **PAYMENT AND PERFORMANCE.**

The Guarantor guarantees and promises to Assignee that Lessee will promptly perform and comply with each of its agreements contained in the Lease, and that all sums payable by the Lessee under such Lease will be promptly paid when due in accordance with the provisions thereof and, in case of extension of time of payment, in whole or in part, of any such sums, that all such sums will be promptly paid when due in accordance with the terms of such extension provided. Guarantor hereby waives any right to require Assignee to apply any payments or proceeds received in any particular order against the indebtedness, including any right to require Assignee to apply payments first to principal.

2. **WAIVER OF NOTICE OF MODIFICATION OF LEASE.**

The Guarantor hereby consents that at any time or from time to time without notice to the Guarantor, the time for the Lessee's performance of or compliance with any of its obligations contained in such Lease may be extended or such performance or compliance may be waived by the Assignee; such Lease may from time to time be amended for the purpose of adding any provision thereto, including additional indebtedness, or changing in any manner the rights of Assignee or of Lessee thereunder; payment of any sums due or to become due under such Lease may be extended, in whole or in part; and the terms of such Lease may be waived by the Assignee in its sole discretion; all without affecting the liability of the Guarantor hereunder.

3. **ASSIGNEE'S REMEDIES.**

Assignee may pursue its rights and remedies under this Guaranty and shall be entitled to payment hereunder and to enforce all of its other rights hereunder notwithstanding any other guaranty of, or security for, all or any part of the obligations of Lessee under such Lease and notwithstanding any action taken or omitted to be taken by Assignee to enforce any of its rights or remedies under the Lease, under such other guaranty or with respect to any other security, or any payment received thereunder; and the Guarantor shall not be subrogated, in whole or in part, to the rights of Assignee against Lessee under such Lease until Assignee shall have been paid in full all such sums as are at any time payable by Lessee under such Lease.

4. **ASSIGNMENT OF GUARANTY.**

Assignee may assign this instrument or any rights and powers hereunder with any assignment of such Lease or any sums due or to become due, or any rights, claims, powers and remedies thereunder and, in the event of such assignment, such assignee shall have the same rights and remedies as if originally named herein.

Guarantor

Extreme Networks, Inc.
By: /s/ Vito Palermo
Title: CFO
Date: 3/23/00
Witness: _____

If additional individual Guarantor:
By: _____
Title: _____
Date: _____
Witness: _____

5. **WAIVER OF PRESENTMENT, DEMAND AND PROTEST.**

Guarantor hereby waives diligence, presentment of any instrument, demand for payment, protest and notice of non-payment or protest and the performance of each and every condition precedent to which Guarantor might otherwise be entitled by law. Guarantor also waives notice of any action or non-action taken by Lessee, Assignee or any other guarantor, notice of the creation or accrual of any of the obligations of Lessee to Assignee under such Lease, and all demands whatsoever.

6. **WAIVER OF DEFENSES.**

Guarantor hereby waives any right it may have against Assignee arising from any disability or defense of Lessee.

7. **INDEPENDENT OBLIGATION.**

Lessee's obligations, and each of them, shall conclusively be deemed to have been created, contracted or incurred in reliance upon this Guaranty. The obligations of the undersigned hereunder are joint and several, and are independent of the obligations of Lessee. Guarantor waives any right to require Assignee to proceed first against any collateral or any other person. A separate action or actions may be brought and prosecuted against Guarantor, or any of them, whether an action is brought against Lessee or whether Lessee be joined in any such action or actions.

8. **UNCONDITIONAL GUARANTY.**

This Guaranty shall be construed as a continuing, absolute and unconditional guaranty of payment and performance of Lessee's obligations under the Lease, irrespective of the validity or enforceability of (i) any of the obligations of Lessee to Assignee as aforesaid, or (ii) the Lease, or (iii) any security therefore, and notwithstanding any present or future law or order of any government (de jure or de facto) or of any agency thereof purporting to reduce, amend or otherwise affect any obligation of Lessee or other obligor or to vary any terms of payment, and irrespective of any other circumstance which might otherwise constitute a legal or equitable discharge of a surety or a guarantor. Notwithstanding the above, the maximum liability of Guarantor to Assignee shall be 35% of the aggregate equipment value as shown on the lease.

9. **SEVERABILITY.**

Should any provision of this Guarantee be held invalid or unenforceable by a court of competent jurisdiction, the remaining provisions of this Guarantee shall remain in full force and effect.

10. **WAIVER OF JURY.**

Guarantor hereby waives any and all right to a trial by jury in any action or proceeding based hereon.

11. **MISCELLANEOUS.**

Without the written consent of all parties, this Guaranty cannot be changed, terminated or assigned by Guarantor. This Guaranty shall be governed by and construed according to the laws of the State of Colorado, shall be binding upon the heirs, executors, administrators, successors, and assigns of the Guarantor and shall inure to the benefit of the Assignee, its successors and assigns.

Guarantor's address: Extreme Networks
3585 Monroe ST.
Santa Clara, Ca. 95051

Guarantor's address: _____

BBO-110