# *Exhibit M*

# Pepper Hamilton LLP
### Attorneys at Law

Suite 1600
1201 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
302.777.6500
Fax 302.656.8865

*Richard*
*Salamone*
*408 579-3178*

302.777.6582
billera@pepperlaw.com

April 10, 2003

VIA FACSIMILE 408.579.3000 AND FIRST-CLASS MAIL

EXTREME NETWORKS CREDIT CO
ATTN: GORDON STITT, PRESIDENT & CEO
3585 MONROE ST.
SANTA CLARA, CA 95051

Re:  In re BroadBand Office, Inc., Case No. 01-1720-GMS (Chap. 11)

Dear Mr. Stitt:

This office represents the debtor BroadBand Office, Inc. (the "Debtor") in the above-referenced Chapter 11 case filed on May 9, 2001 (the "Petition Date").

The Debtor's records reflect that EXTREME NETWORKS CREDIT CO received one or more payments from the Debtor within 90 days prior to the Petition Date (the "Preference Payments") totaling at least $1,158,520.74. Under various sections of the United States Bankruptcy Code and related statutes under state law, the Debtor is entitled to the return of all such payments as a preference and/or fraudulent conveyance. EXTREME NETWORKS CREDIT CO has been identified as a potential defendant in a lawsuit under the Bankruptcy Code to recover Preference Payments, and demand is hereby made upon EXTREME NETWORKS CREDIT CO for the return of the full amount of the Preference Payments.[1]

Given the number of potential defendants, we believe it would serve the interests of both EXTREME NETWORKS CREDIT CO and the Debtor if we were able to analyze all available data and possibly negotiate a settlement before initiating litigation. If EXTREME NETWORKS CREDIT CO has valid defenses, if EXTREME NETWORKS CREDIT CO believes that it has valid defenses, or if you wish to discuss a possible settlement of this matter, we will require that you execute and return to us the enclosed Tolling Agreement **no later than April 30, 2003**. THE TOLLING AGREEMENT DOES NOT SERVE AS AN ADMISSION OF LIABILITY, BUT MERELY EXTENDS THE TIME BY WHICH A COMPLAINT MAY BE BROUGHT IF THE

---

[1] The contents of this letter are based upon the records presently available to the undersigned. In the event additional amounts were received within the applicable avoidance periods, demand is hereby made for the return of the full amount of such additional amounts, and the Debtor's request for an extension of time to commence Avoidance Actions should be construed to include Avoidance Actions with respect to such additional amounts.

| Philadelphia | Washington, D.C. | Detroit | New York | Pittsburgh |
| Berwyn | Cherry Hill | Harrisburg | Princeton | Tysons Corner | Wilmington |

www.pepperlaw.com

04/21/03  MON 10:18  [TX/RX NO 5793]

BBO-354

SENT BY: EXTREME;                 408 579 2861;          APR-21-0  10:11AM;         PAGE 3/6

**Pepper Hamilton LLP**

April 10, 2003
Page 2

PARTIES CANNOT REACH AN UNDERSTANDING AS TO THE AMOUNT OF EXTREME NETWORKS CREDIT CO'S LIABILITY, IF ANY.

If we have not received from you by April 30, 2003, either a return of the Preference Payments or an executed Tolling Agreement, the Debtor may be forced to commence immediate litigation to recover the Preference Payments, together with all other amounts to which it may be entitled under applicable law, including interest.

Please do not hesitate to contact me if you wish to discuss this matter further.

Sincerely,

Adam Hiller

cc: David M. Fournier, Esquire
    BroadBand Office, Inc.

04/21/03  MON 10:18  [TX/RX NO 5793]

BBO-355