# Exhibit N

# GrayCary.

4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
www.graycary.com
O] 858-638-6810
F] 858-677-1401

April 28, 2003
VIA FACSIMILE/U.S. MAIL

Adam Hiller, Esq.
Pepper Hamilton LLP
1201 Market Street, Suite 1600
P.O. Box 1709
Wilmington, DE 19899-1709

Re:   Broadband Office, Inc./Extreme Networks Credit Company

Dear Adam:

As we discussed on the telephone, I represent Extreme Networks Credit Company in connection with your demand letter dated April 10, 2003.

Per our discussion, I have revised paragraph 1 of the Stipulation Tolling Statute of Limitations and have initialed the same. Please have Mr. Fournier (since I understand you are not authorized to do so) initial the revision and sign the stipulation. Once he has done so, please provide me with an original copy for my records.

If you have any questions, please call me.

Sincerely,

Gray Cary Ware & Freidenrich LLP

By: _____
Jeffry A. Davis
jeffdavis@graycary.com

Admitted to practice in California and New York

JAD:dj
Enclosure
Gray Cary\SD\1555805.1
1050375-900000

**Gray Cary Ware & Freidenrich LLP**

Adam Hiller, Esq.
April 28, 2003
Page Two


bcc:   Howard Clowes, Esq.

BBO-360

SENT BY: EXTREME;         408 579 2861;        APR-21-03 10:11AM;        PAGE 4/6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| BROADBAND OFFICE, INC., | Case No. 01-1720 (GMS) |
| Debtor. | |

### STIPULATION TOLLING STATUTE OF LIMITATIONS

THIS STIPULATION TOLLING STATUTE OF LIMITATIONS (the "Stipulation"), dated as of April 10, 2003 by and between BroadBand Office, Inc. (the "Debtor") and Extreme Networks Credit Co ("Alleged Transferee") (collectively, the Debtor and Respondent constitute the "Parties").

WHEREAS, on May 9, 2001 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, and since the Petition Date has managed its affairs and remained in possession of its assets as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108; and

WHEREAS, pursuant to §§ 108 and 546(a)(1)(A) of the Bankruptcy Code, the time by which the Debtor must commence actions, if any, arising under sections 544, 545, 547, 548, 550, and/or 553 of the Bankruptcy Code ("Avoidance Actions") was originally due to expire on May 9, 2003; and

WHEREAS, the Parties have agreed to the tolling and extension of the deadline to file Avoidance Actions, subject to the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, the Parties hereby agree as follows:

1. The Parties hereby agree to toll the running of the statute of limitations period prescribed by sections 108 and 546(a)(1)(A) of the Bankruptcy Code and irrevocably extend the deadline by which the Debtor, or any party acting on behalf of the Debtor or its estate, must commence any Avoidance Action against Alleged Transferee under sections 544, 545, 547, 548, 550, and/or 553 of the Bankruptcy Code (including but not limited to related actions under state law) through and including the later of (A) December 31, 2003, and (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 302 of the Bankruptcy Code in the Debtor's case, *but only if such appointment or election occurs prior to May 9, 2003* provided, however, that (i) nothing herein shall prejudice or be deemed to constitute a waiver of, the right of Alleged Transferee to assert any and all defenses Alleged Transferee may have with respect to any Avoidance Actions filed by or on behalf of the Debtor or its estate, except that Alleged Transferee shall not be entitled to assert a defense based upon the statute of limitations set forth in sections 108 and/or 546(a)(1)(A) of the Bankruptcy Code, or the doctrine of laches, if any such Avoidance Action is commenced on or before the above-described deadline, and (ii) this Stipulation shall not be construed in any way as an admission or denial by either of the Parties regarding any fact or circumstance.

2. This Stipulation contains the entire agreement of the Parties with respect to the subject matter hereof and there are no representations or agreements other than those expressly set forth herein. This Stipulation may not be modified or amended except by a writing signed by each of the Parties hereto.

3. This Stipulation shall be subject to and governed by the laws of the State of Delaware.

4. The terms of this Stipulation shall be binding upon the Parties and their respective successors and assigns. Each person signing this Stipulation represents that such person has the

-2-

BBO-362

SENT BY: EXTREME;                     408 579 2861;              APR-21-03 10:12AM;           PAGE 6/6

power and authority to execute this Stipulation on behalf of, and bind, the party such person purports to represent.

5.   This Stipulation may be executed in multiple counterparts as if the Parties hereto had signed a single instrument, all of which together shall constitute one agreement. Facsimile signatures will be treated as original for purposes of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed as of the date first written above.

BROADBAND OFFICE, INC.

by:_____
David M. Fournier (DE No. 2812)
Adam Hiller (DE No. 4105)
PEPPER HAMILTON LLP
Suite 1600
1201 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

*Subject to addition in paragraph 1*

EXTREME NETWORKS CREDIT CO

by:_____
Print Name: JEFFRY A. DAVIS
Title: ATTORNEY
Address: 4365 EXECUTIVE DRIVE, SUITE 1100
         SAN DIEGO, CA 92121
Phone Number: (858) 638-6810

-3-

WL:#149624 v1 (2T4K01!.DOC)

04/21/03  MON 10:18  [TX/RX NO 5793]

BBO-363